■ CHERYL EDMONDS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants. [637 NYS2d 113] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about March 15, 1995, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff submitted sufficient evidence to create an issue of fact as to whether defendant-appellant's negligence was the proximate cause of her injuries (*Jacqueline S. v City of New York*, 81 NY2d 288; *Kellman v 45 Tiemann Assocs.*, 87 NY2d 871). Specifically, plaintiff submitted her attacker's sworn testimony, given at his criminal trial, which culminated in his conviction, that he entered the building alone, did not live in the building, and that "[t]he door is right there. You just walk right in." Clearly then, a triable issue of fact has been raised with respect to the nexus between the attacker's mode of entry and appellant's maintenance of the building (*cf.*, *Wright v New York City Hous. Auth.*, 208 AD2d 327; *Rojas v Lynn*, 218 AD2d 611). With respect to the present summary judgment motion in this civil action, it is irrelevant, on the question of how he gained entry into the building, that the jury in the criminal trial disbelieved the attacker's claims of innocence. Thus, we reject defendant-appellant's collateral estoppel argument. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.