■ ESTATE OF JANINE BARKSDALE, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [640 NYS2d 9]

Given the disclosure yet to be conducted in this wrongful death action arising from the fatal injuries sustained by the decedent during the course of a robbery in her apartment in a housing project owned and operated by defendant, assertions that the perpetrators gained entry to the decedent's apartment building through the lobby doors, the locks of which were allowed to remain inoperative for a long time, are sufficient to preclude summary judgment at this juncture (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 295). Especially where the alleged perpetrators have yet to be prosecuted, a preliminary indication that some of them were cotenants, and thus lawfully on the premises, is insufficient either to negate the possibility of a nexus between the attackers' mode of entry and defendant's maintenance of the building (*cf., Edmonds v New York City Hous. Auth.* 224 AD2d 191), or to establish that defendant owed no duty to protect the decedent from the attackers (*compare, Simms v St. Nicolas Ave. Hotel Co.*, 187 AD2d 373, *lv denied* 81 NY2d 704, citing *Firpi v New York City Hous. Auth.*, 175 AD2d 858, *lv denied* 78 NY2d 864). We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, J. P., Milonas, Rosenberger, Ross and Mazzarelli, JJ.

■ GEULA J. HOFFMAN et al., Plaintiffs, v KEW GARDENS HILLS ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. LEONARD NEWMAN AGENCY, L.P., et al., Third-Party Defendants-Respondents. [640 NYS2d 748]

No opinion. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.