■ RUCHNEE KISTOO, Respondent, v CITY OF NEW YORK et al., Appellants. [600 NYS2d 693] —Order, Supreme Court, Bronx County (Lewis Friedman, J.), entered February 6, 1992, which denied defendant New York City Housing Authority's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant New York City Housing Authority dismissing the complaint.

Plaintiff, who was shot by an unidentified assailant upon exiting the elevator on the seventh floor of a building owned and maintained by the Housing Authority, claims that her injuries resulted from defendant's negligence in failing to provide adequate building security. Defendant moved for summary judgment dismissing the complaint on the ground that the pleadings and plaintiff's deposition testimony established that plaintiff could not sustain a prima facie case of negligence against the Housing Authority. At her deposition, plaintiff had testified that she did not see the unidentified assailant enter the premises. Rather, she observed her assailant standing near the elevators upon entering the building herself. In addition, she saw a security guard, who was "always in lobby", and two Spanish males who lived in an apartment on her floor. Despite these sworn statements clearly indicating that plaintiff was ignorant as to the manner in which her assailant gained access to the building, in opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit in which she stated, "I was able to observe [the assailant] enter the premises without pressing an intercom button, using a key or having someone open the door for him." The IAS Court denied defendant's motion for summary judgment finding that plaintiff's affidavit provided some evi-

dence that a lack of security in the building was a cause of plaintiff's injuries.

Summary judgment dismissing the complaint should have been granted since plaintiff failed to come forward with any competent evidence raising a genuine issue of fact as to whether her assailant gained access to the building as a result of defendant's negligence. It is well settled that "one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" *(Zuckerman v City of New York,* 49 NY2d 557, 562). Here, the IAS Court improperly relied on plaintiff's self-serving affidavit, which directly contradicted her prior deposition testimony that she did not see her assailant enter the building *(Mack v United States,* 814 F2d 120, 124). Without any proof whatsoever as to the manner in which her assailant gained access to the building, plaintiff cannot prove that defendant's negligence, if any, was the proximate cause of her injuries *(Pagan v Hampton Houses,* 187 AD2d 325; *Hendricks v Kempler,* 156 AD2d 425, *lv denied* 77 NY2d 808). Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.