■ ROBERT DAWSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [610 NYS2d 28] —Order, Supreme Court, New York County (Samuel Greenstein, J.), entered January 27, 1992, which denied the New York City Housing Authority's motion for summary judgment, unanimously reversed, on the law, without costs, the motion is granted, and the complaint is dismissed as to that defendant. The Clerk is directed to enter judgment in favor of defendant New York City Housing Authority dismissing the complaint as against it.

Plaintiff was a tenant in a housing project owned and operated by the defendant New York City Housing Authority (NYCHA). Plaintiff alleges that on November 29, 1984 he heard a knock on his door, he looked through the peephole, and a gun was fired through the peephole, causing the loss of plaintiff's eye. The crime was never officially solved, although circumstantial evidence strongly suggested that the plaintiff's son was the shooter.

Plaintiff sued the NYCHA claiming failure to supply adequate police security in the building and adequate door locks on the outer doors of the building. However, the NYCHA is immune from negligence claims arising out of the performance of a governmental function, here police protection, absent a special relationship creating a specific duty to protect the plaintiff, and the plaintiff's reliance upon the performance of that duty (see, Miller v State of New York, 62 NY2d 506, 510; Kircher v City of Jamestown, 74 NY2d 251, 257; Merced v City of New York, 75 NY2d 798). No special duty was pleaded in this case, and as a matter of law the NYCHA cannot be held liable for failure to provide adequate police protection to plaintiff merely because he was one of its tenants.

While the State and its public entities may be liable for failure to "maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon tenants," the failure to provide locks on outer doors is only pertinent as an alleged proximate cause if there is evidence to support a finding that the assailant was "an intruder * * * with no right or privilege to be present there" (Miller v State of New York, 62 NY2d, supra, at 513, 509). The plaintiff in this case has presented no evidence that his assailant took advantage of an unlocked outer door to gain entry to the building, and therefore he has not raised a

factual issue as to whether the NYCHA's alleged negligence was the proximate cause of his injury *(Kistoo v City of New York,* 195 AD2d 403; *Pagan v Hampton Houses,* 187 AD2d 325; *Hendricks v Kempler,* 156 AD2d 425, *lv denied* 77 NY2d 808). A jury finding for plaintiff under these circumstances would have to be based on speculation, and thus set aside as a nullity *(see, Feblot v New York Times Co.,* 32 NY2d 486, 494). Accordingly the NYCHA's motion for summary judgment should have been granted. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.