■ MARITZA ROJAS et al., Respondents, v SADIE LYNN et al., Appellants. [631 NYS2d 15] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about June 1, 1994, which denied defendants' motion for summary judgment, reversed, on the law, the motion granted and the complaint dismissed, without costs.

Plaintiff alleges that she was assaulted from behind as she opened the door of her third floor apartment, and that prior to the assault she had heard someone descending the nearby staircase from above. There was also evidence that the lock on the front door to the building was broken. In denying defendants' motion for summary judgment, the IAS Court found that the uncontroverted evidence of the broken lock and defendants' failure to secure the door at the time of the incident were sufficient to permit an inference that the front lobby door provided access to plaintiff's assailant. We disagree.

As we recently reiterated in *Wright v New York City Hous. Auth.* (208 AD2d 327, 330), "[i]nsofar as plaintiff predicates her claim on a lack of security, based on an allegedly broken entrance door lock, it is incumbent upon her, on the issue of proximate cause, to demonstrate that the assailant was an intruder and not one of the building residents or a guest thereof." Here, plaintiff failed to submit any evidence tending to prove that her assailant gained access through the broken front door and, inasmuch as the assailant remains unidentified, can never do so. Any jury finding for plaintiffs under these circumstances would have to be based on speculation and thus set aside as a nullity (*Dawson v New York City Hous. Auth.*, 203 AD2d 55, 56). Accordingly, defendants' motion for summary judgment should have been granted. Concur—Kupferman, J. P., Ross, Asch and Nardelli, JJ.

Tom, J., concurs in a memorandum as follows: I concur in the result reached by the majority.

In the matter before us, plaintiff Maritza Rojas alleges that on September 24, 1991, she was assaulted in her apartment building, which is designated as 561 West 189th Street, New York, New York. Defendants are the owners and managers of the building and plaintiff asserts that her injuries resulted from defendants' failure to repair the front entrance door locks and intercom system.

Plaintiff, in opposing defendant's motion for summary judgment, has failed to sufficiently raise a factual issue that the alleged broken front door lock was a proximate cause of her injuries. While it is true that there can be more than one proximate cause of an injury (*Mohammed v City of New York*, 205 AD2d 415, 416; *Galioto v Lakeside Hosp.*, 123 AD2d 421, 422), and although plaintiff correctly asserts that the law does not require plaintiff's proof to exclude every other possible cause of the injury other than defendants' breach of duty (*Ferraro v Cinelli*, 193 AD2d 409), the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation (*Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664; *Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 205; *see also, Bernstein v City of New York*, 69 NY2d 1020 [where inferences are balanced, plaintiff's recovery would be speculative]). "If 'there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible' " (*Bernstein v City of New York, supra*, at 1022, quoting *Digelormo v Weil*, 260 NY 192, 200).

In the instant case, the circumstantial evidence submitted by plaintiff is contradictory or supports the fact that the intruder may have gained access into the building other than through the front door. The superintendent of the building testified at an Examination Before Trial ("EBT") that the door to the roof had two locks and that he usually checked the door once a week, although he could not recall the last time he had checked it prior to the assault on plaintiff. Further, plaintiff submitted the affidavit of another tenant of the building in which that individual (Ms. Chavez) stated that the superintendent kept the door to the roof "*almost* always locked." (Emphasis added.) Plaintiff testified at an EBT that as she was putting her key into the lock of her apartment, she heard some-

one descending the steps *from upstairs* before she found herself with the assailant's hand around her throat. Taken together, the testimony of plaintiff, the superintendent and the tenant do not foreclose the possibility that access to the building was gained via the roof. In addition, Ms. Chavez, plaintiff's own witness, averred that someone had once tried to enter her bedroom from the fire escape.

In the matter at hand, in light of the evidence, or lack thereof, proffered by plaintiff, the only way for a jury to reach the conclusion that defendants' failure to repair the locks was the proximate cause of plaintiff's injuries would be through rank speculation, as the assailant may have entered through the roof, from the fire escape, or maybe through the front door.

Accordingly, I conclude that plaintiff has failed to establish, or to adequately raise an issue, that defendants' breach of duty was the proximate cause of her injuries.