(December 5, 1995)

■ Kirsten M., Respondent-Appellant, v Bettina Equities Co., Inc., et al., Appellants-Respondents. [634 NYS2d 481] —Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered September 29, 1994, which, after a non-jury trial, awarded plaintiff $250,970, unanimously reversed, on the law, without costs or disbursements and the complaint dismissed. The Clerk is directed to enter judgment in favor of the defendants dismissing the complaint as to them.

On the Court's own motion, the caption herein is amended to read as above.

Plaintiff, a 25-year-old woman, was accosted just after she had entered her East 85th Street apartment building, consisting of 21 units, by using her key in the lock on the front door. No one was in front of or behind her as she entered. While inserting her key into the door of her ground floor apartment, just down the hallway from the front door, she was seized from behind by a knife-wielding assailant, who dragged her into the adjacent unlocked laundry room and robbed and raped her. The perpetrator fled and has never been apprehended. Plaintiff presented evidence through an expert that the front door was defectively hanged which, in his opinion, rendered manipulation of the lock relatively easy. Thus, he testified, he was able to enter the building in a matter of seconds by use of a credit card. Alleging a failure to provide proper security to safeguard her from the foreseeable criminal acts of a third party, plaintiff, after a non-jury trial, was awarded $250,000 in damages. Although the court found an absence of proof of proximate cause, there being no evidence as to how the perpetrator entered the building, it determined that a confluence of factors, i.e., the faulty lock, the history of crime in the neighborhood and building environs and the unlocked laundry room,

were sufficient to sustain a finding of liability. We reverse and dismiss the complaint.

As we have many times held, and as the trial court recognized, in considering the merits of a negligence claim based on lack of security which allowed the perpetrator access to the premises, absent proof of the method of a perpetrator's entry into the building, one is left to speculate as to proximate cause. (*Wright v New York City Hous. Auth.*, 208 AD2d 327, 330; *Schwartz v Niki Trading Corp.*, 222 AD2d 214 [decided herewith].) The mere fact that the lock may have been defective is insufficient to establish that the perpetrator gained access to the building as a result thereof. This was plaintiff's burden and, as the trial court recognized, it was not met. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.