■ GERMAN D. RIVERA et al., Respondents, v ARMANDO LAZO et al., Appellants. [646 NYS2d 797] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 5, 1995, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Asserting negligence against the building owners in failing to provide adequate security, plaintiffs Rivera, a husband and wife and tenants in the building, and their friend Santiago, allege that they were attacked in the Riveras' apartment by assailants who had gained access to the building through a front door, the locks to which had remained in disrepair over a period of several months. After joinder of issue, defendants moved for summary judgment, arguing a lack of proximate cause— since the evidence did not show that the assailants were intruders, rather than tenants or their guests, or that they had

entered by the front door where the lock allegedly was broken—as well as the absence of any proof of defendants' knowledge of prior criminal activity in the building or its environs. The IAS Court denied the motion, finding, *inter alia*, that plaintiffs' deposition testimony that they had never before seen their assailants was sufficient to raise a triable issue as to whether the latter were intruders. We reverse.

A landowner's duty to take "protective measures depends on whether he has reason to know from the prior history of criminal activities in the building that there is a likelihood of criminal conduct which would endanger the safety of his tenants [citations omitted]." (*Hendricks v Kempler*, 156 AD2d 425, *lv denied* 77 NY2d 808.) Plaintiffs have made no showing that defendants had notice of any prior criminal activity which would give rise to a duty to protect them. In the absence of such a showing, the complaint should have been dismissed. (*See, Jacqueline S. v City of New York*, 81 NY2d 288, 294-295.) Plaintiffs' deposition testimony that the assailants were seen earlier that day drinking beer in the hallway does not constitute notice of prior criminal activity. Even if it did, there was no testimony that this information was brought to defendants' attention. It should also be noted that there were at least two entrances to the building, a fact which supports defendants' argument that plaintiffs failed to establish that the broken front door lock was a proximate cause of the assault. Thus, the record does not support the claim that the assailants gained access to the building as a result of the broken lock on the front door. The mere fact that a lock may have been defective is insufficient to establish that the perpetrators gained access to the building as a result thereof. (*See, Dawson v New York City Hous. Auth.*, 203 AD2d 55.) Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.