(August 29, 1996)

■ SARI HOCHBERG, as Executrix of BEATRICE KRAVITZ, Deceased, Respondent, v RIVERBAY CORPORATION, Appellant. [646 NYS2d 684] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 24, 1995, which denied the

defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Since plaintiff failed to come forward with proof in evidentiary form demonstrating that the assailant, who was apprehended on the date of the incident and identified as a tenant in the same apartment complex, gained access to the building because the lock on the front door was malfunctioning, or due to inadequate security, she raised no factual issue as to how defendant's alleged negligence caused the injury (*see, e.g., Dawson v New York City Hous. Auth.*, 203 AD2d 55; *Rojas v Lynn*, 218 AD2d 611, *lv denied* 87 NY2d 804; *Kirsten M. v Bettina Equities Co.*, 222 AD2d 201, 201-202; *McNeil v New York City Hous. Auth.*, 225 AD2d 369). A jury verdict favoring the plaintiff, under these circumstances, would be based upon speculation and thus set aside as a nullity (*Dawson v New York City Hous. Auth., supra*, at 56).

Although liability may be premised upon a gratuitous undertaking negligently performed, plaintiff's theory that the defendant breached its duty to secure and patrol the building because of the possible half hour gap in security patrol fails. There was no evidence to indicate that the assailant entered the building during this time period. A landlord is not an insurer of tenant safety (*Gill v New York City Hous. Auth.*, 130 AD2d 256, 262), and the automatic door lock and intercom system in these buildings were adequate security under the circumstances. We have considered and rejected plaintiff's additional arguments. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.