■ MARIA S., Appellant, v WILLOW ENTERPRISES INC. et al., Respondents. [651 NYS2d 486] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered August 25, 1995, which granted defendants' motion for summary judgment, unanimously affirmed, with costs.

Plaintiff was raped by three unknown intruders in the apartment she shared with her brother and uncle located at 1505 Grand Concourse, which was owned and managed by the defendants. Plaintiff testified at her deposition that she was unable to identify the perpetrators, and was unaware how they gained access to the building. She further testified that her brother opened the door to the intruders, based upon her instruction, when her brother informed her that he could not see who was outside the apartment. Plaintiff's uncle was employed by defendants as a security guard at the building six days a week, and the rape occurred on a Monday, the uncle's day off.

Plaintiff commenced this action in negligence based on a claim of inadequate security for failing to provide a security guard on Mondays, and supplemented her allegations to include inadequate lighting, as well as a violation of Real Property Law § 231 (2). Since each of the claims is fatally flawed, we conclude the IAS Court properly granted defendants' motion for summary judgment.

It is well established that a landlord's duty to maintain his property in a safe condition includes the taking of minimal precautions to protect against the reasonably foreseeable criminal acts of third persons (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718, 720), and that duty arises where the party possessing the property knows or has reason to know of a likelihood of conduct by third persons which is likely to endanger the public (*Nallan v Helmsley-Spear, Inc., supra*; *Rivera v Lazo,* 230 AD2d 662).

However, it is equally clear that absent proof of how the perpetrator gained entry to the premises, any negligence claim premised on the theory that defendants' inadequate security measures permitted the intruder to gain access to the premises necessarily involves speculation on the issue of proximate cause, and will not survive defendants' motion for summary judgment (*see, Kirsten M. v Bettina Equities Co.,* 222 AD2d 201, *lv denied* 88 NY2d 813; *Rojas v Lynn,* 218 AD2d 611, *lv denied* 87 NY2d 804; *Wright v New York City Hous. Auth.,* 208 AD2d 327, 330).

The evidence offered by plaintiff does not meet this standard. Another tenant testified at his deposition that on the date of the incident, he observed three armed men accost a fourth man at gunpoint, and force him to open the front door to the building. However, the tenant could not identify any of the four men, but claimed that someone told him that the man who was accosted was also a tenant of the building. Since neither plaintiff's testimony nor any other evidence established that the armed men were the same persons who entered her apartment and raped her, it was never established that the rapists were in fact intruders, rather than other residents or guests (*see, Wright v New York City Hous. Auth.,* 208 AD2d 327, *supra*), and no proximate cause existed as a matter of law.

Summary judgment was also properly granted regarding the alleged violation of Real Property Law § 231 (2), which imposes joint and several liability on a property owner who knowingly leases or gives possession of property to a tenant to use the premises unlawfully, or permits such unlawful use. In order to allege a prima facie violation of the statute, the plaintiff must show that defendant was given notice of repeated criminal activity on the premises such that the risk of injury was likely (*see, Beatty v National Assn. for Advancement of Colored People,* 194 AD2d 361, *lv denied* 82 NY2d 662; *Simmons v City of New York,* 168 AD2d 230), and demonstrate that a causal relationship existed between the complained of activities and

plaintiff's injuries (*see, Rodriguez v Oak Point Mgt.*, 87 NY2d 931, 932; *Muniz v Flohern, Inc.*, 77 NY2d 869, 870-871).

The evidence of prior criminal activity at the premises was wholly inadequate, and was undermined by plaintiff's own deposition testimony. Plaintiff's brother, who was not deposed, stated in an affidavit in opposition to the motion that a co-tenant named Sosa dealt drugs from an apartment down the hall from plaintiff's apartment, and that he had so informed his uncle and the superintendent. Plaintiff's brother also claimed that Sosa was with the three perpetrators who entered the apartment.

However, plaintiff, in her three deposition sessions, never mentioned Sosa, nor mentioned any drug activity in the building. Further, when plaintiff's brother was interviewed by the police on the night of the rape, he gave a contradictory version of the perpetrators' entry into the apartment, and omitted the alleged allusions to drugs that he included in his subsequent affidavit. Even if accepted at face value, the brother's assertions of prior drug activity were unspecific and conclusory.

While there is no requirement that the prior criminal conduct be of the same type as that to which the plaintiff was subjected in order to establish foreseeability (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 294), an inquiry still must be made as to the "location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*supra,* at 295). Since the lack of specificity makes such inquiry impossible in the instant case, the element of foreseeability was not established to support either a common law negligence claim or a violation of Real Property Law § 231 (2) (*see, Muniz v Flohern, Inc.*, 77 NY2d, *supra,* at 870-871; *Polomie v Golub Corp.*, 226 AD2d 979; *cf., Beatty v National Assn. for Advancement of Colored People,* 194 AD2d, *supra,* at 361-364).

Plaintiff also offered the affidavit of a security expert, who stated that based upon an inspection of the premises, a review of the depositions and police records, and after speaking with witnesses, it was his opinion that the rape was caused by, and directly related to, extensive drug activity in the building and Sosa's apartment. The affidavit, however, offered no specific observations of illegal activity, mentioned no witnesses' names, and appended no police reports.

The expert's affidavit further opined that the rape would not have occurred if there had been a guard present, since armed or not, such security presence acts as a deterrent. Again, no evidence substantiated the reliability of this assertion. In short,

the expert's conclusions were not based on any established facts, and therefore lacked probative value (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525; *Wright v New York City Hous. Auth.*, 208 AD2d 327, *supra*).

Similarly, plaintiff's inadequate lighting claim is premised on her brother's assertion in his affidavit that he could not see the perpetrators through the peephole, and would not have permitted them entry if he had observed their identity. This claim is totally undermined, however, by the brother's statements to the police that he in fact observed a particular individual through the peephole, and permitted access to the apartment upon threats from the rapists (*see, Kistoo v City of New York*, 195 AD2d 403 [plaintiff's self-serving affidavit was contradicted by her prior deposition testimony]).

Since neither the brother's nor the expert's affidavit raised a triable issue of fact as to whether any defective lighting condition existed, and if so, contributed to the plaintiff's injury, plaintiff's inadequate lighting theory also must fail (*see, Rodriguez v New York City Hous. Auth.*, 87 NY2d 887, 888; *Folks v New York City Hous. Auth.*, 227 AD2d 520). Concur—Rosenberger, J. P., Rubin, Ross, Tom and Andrias, JJ.