■ RODNEY TOLLIVER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [655 NYS2d 534] —Order of the Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about February 13, 1996, which denied defendant New York City Housing Authority's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, a 15-year resident of defendant's building, alleges that he was accosted by an individual who demanded money while plaintiff was in the process of locking the door to his apartment. As plaintiff moved towards the man, whom he did not recognize as a resident of the building, the assailant shot him four times and fled. Finding the door at the back of the building bolted shut, the assailant ran back past plaintiff, striking him in the face with his gun, and made his escape down the stairs and out the front door.

Plaintiff acknowledged that he did not know precisely how the man had entered the building, which has 14 floors and contains 55 apartments. However, it is not disputed that the front door lock had been inoperable for approximately one week prior to the incident and that the lock cylinder had been removed. The assailant was never apprehended.

Both at a hearing conducted pursuant to General Municipal Law § 50-h and at a deposition, plaintiff testified that he doubted the assailant was a tenant of the building since he did not recognize him. As we noted in *Maria S. v Willow Enters.* (234 AD2d 177), "absent proof of how the perpetrator gained

entry to the premises, any negligence claim premised on the theory that defendants' inadequate security measures permitted the intruder to gain access to the premises necessarily involves speculation on the issue of the proximate cause, and will not survive defendants' motion for summary judgment" (*see also, Rivera v Lazo*, 230 AD2d 662). Likewise, in *Dawson v New York City Hous. Auth.* (203 AD2d 55), we observed that "the failure to provide locks on outer doors is only pertinent as an alleged proximate cause if there is evidence to support a finding that the assailant was 'an intruder * * * with no right or privilege to be present there' " (quoting *Miller v State of New York*, 62 NY2d 506, 509).

Even taken together with the assailant's lack of familiarity with the building, plaintiff's conclusion that his attacker gained entrance to the premises because of the broken front door lock and not as a tenant or invitee of a tenant is speculative. Therefore, plaintiff has failed to meet his evidentiary burden in order to defeat defendant's motion for summary judgment (*Borrero v New York City Hous. Auth.*, 236 AD2d 262). Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.