■ DONALD MELVILLE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [661 NYS2d 632] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 9, 1996, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The complaint alleges that plaintiff, a resident of 1725 Bruckner Boulevard for over 10 years, was assaulted and robbed as he left the elevator and entered the lobby of the building. Plaintiff contends that his assailant stepped through the door leading from the vestibule to the lobby, demanded the contents of his pockets and beat him severely with a gun, his fists and his feet before fleeing.

Access to the building is gained through a vestibule consisting of an unlocked door from the street followed by a second door secured by a lock and intercom system. Plaintiff contends that neither the lock on the lobby door nor the intercom were functioning at the time of the assault or for some time prior to the incident. Plaintiff admits that he was aware of the malfunctioning security devices but did not notify defendant and does not know if any member of his family or any other resident of the building ever complained to the landlord.

It is plaintiff's theory that his assailant gained access to the lobby because of the broken door lock. Although plaintiff claims to have seen his assailant enter through the lobby door, the evidence does not establish whether the assailant gained access due to the inoperative security measures, whether he was a tenant who entered with a key or whether he was an invitee, admitted by another tenant.

Plaintiff gave conflicting testimony concerning whether or

not he was able to identify his attacker. At a hearing conducted pursuant to General Municipal Law § 50-h, plaintiff stated that he identified the assailant from pictures he was shown while recovering in the hospital and that he later learned that the assailant lived across the street in the same housing project. However, at an examination before trial 11 months later, plaintiff effectively recanted his prior testimony by stating that he did not identify his assailant, either from photographs or from a lineup. A New York City Housing Detective was also unable to state whether or not the assailant had been apprehended. Neither plaintiff nor the detective was able to establish that the assailant was an intruder.

As this Court stated in *Dawson v New York City Hous. Auth.* (203 AD2d 55), the absence of "locks on outer doors is only pertinent as an alleged proximate cause if there is evidence to support a finding that the assailant was 'an intruder * * * with no right or privilege to be present there'" (quoting *Miller v State of New York*, 62 NY2d 506, 509). In *Tolliver v New York City Hous. Auth.* (238 AD2d 187), a case with similar facts, we held that "plaintiff's conclusion that his attacker gained entrance to the premises because of the broken front door lock and not as a tenant or invitee of a tenant is speculative." It is well-settled that "a jury finding based on speculation is a nullity" (*Feblot v New York Times Co.*, 32 NY2d 486, 494). Thus, "absent proof of how the perpetrator gained entry to the premises, any negligence claim premised on the theory that defendants' inadequate security measures permitted the intruder to gain access to the premises necessarily involves speculation on the issue of proximate cause, and will not survive defendants' motion for summary judgment" (*Maria S. v Willow Enters.*, 234 AD2d 177, 178; *see also, Rivera v Lazo*, 230 AD2d 662).

Defendant is liable for negligence if the conditions alleged were a proximate cause of the injury. Plaintiff has not shown sufficient evidence to establish that but for the faulty security devices, the assailant would not have gained entry and committed the crime. Plaintiff has thus failed to defeat defendant's motion for summary judgment. Furthermore, the evidence is insufficient to establish that defendant had actual or constructive notice of the inoperative status of the security measures installed in the vestibule of 1725 Bruckner Boulevard. Neither plaintiff, a family member nor any other tenant, to plaintiff's knowledge, notified defendant about the defective intercom and lock. To recover under a theory of constructive notice, a plaintiff must show that the defect was both visible and apparent and

had existed for a sufficient period of time prior to the incident to permit the defendant to discover it and take remedial action (*Garcia v New York City Hous. Auth.*, 183 AD2d 619, 620, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Plaintiff herein testified that he did not know whether, at the time of the attack or immediately prior, the devices were working and could not remember the last time he observed that the lock or the intercom was functional. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.