■ David Pitchon, Respondent, v City of New York et al., Respondents, and New York City Housing Authority, Appellant. [664 NYS2d 559] —In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 17, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant New York City Housing Authority, and the action against the remaining defendants is severed.

The plaintiff was injured when he was allegedly shot by the defendant Rasheen J. Smith from the roof of a building owned and maintained by the defendant New York City Housing Authority (hereinafter NYCHA). The plaintiff alleges, essentially, that Smith gained entry to the building through the outside doors, which had inoperative locks due to the negligence of NYCHA. However, the plaintiff has offered no competent evidence in admissible form to raise triable issues of fact regarding whether Smith gained entry through these doors, whether the locks were inoperable, or whether Smith was an intruder in the building with no right or privilege to be present. Thus, NYCHA is entitled to summary judgment (*see, Eleby v New York City Hous. Auth.,* 223 AD2d 665; *Perry v New York City Hous. Auth.,* 222 AD2d 567; *Dawson v New York City Hous. Auth.,* 203 AD2d 55; *Kistoo v City of New York,* 195 AD2d 403). The plaintiff's conclusory assertions and hearsay statements contained in police reports are insufficient to create triable issues of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Parks v Greenberg,* 161 AD2d 467, 468-469; *Hatton v Glasser,* 219 AD2d 697). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.