■ NORMA BURGOS, Respondent, v AQUEDUCT REALTY CORP. et al., Appellants. [666 NYS2d 640] —Order, Supreme Court,

Bronx County (Alan Saks, J.), entered September 19, 1996, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and defendants' motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff instituted this action to recover damages for injuries sustained when she was assaulted by two men in her fourth-floor apartment located at 79-81 West 182 Street, at approximately 3:00 P.M., on June 3, 1995. In her complaint, she asserted that the two men attacked her when she opened her apartment door to leave, pushed her back into the apartment, pistol-whipped her, bound and gagged her and then stole property from the apartment. She alleged that defendants, who owned and maintained the premises, were negligent in that they failed to provide adequate security since the door locks and intercom system at the building were broken at the time of the incident.

Defendants thereafter moved for summary judgment dismissing the complaint on the ground that since plaintiff was unable to identify her assailants and since there were no witnesses, she was unable to meet her burden of establishing that the alleged lack of security was the proximate cause of her injuries. Defendants claimed that she had not made out a prima facie case that the assailants were intruders who had gained entry because of the alleged defective locks, rather than tenants or guests of tenants.

In her reply, plaintiff alleged that she knew all the tenants in the building and therefore could be sure that her assailants were not tenants. She also asserted that the building had been the scene of many past crimes of which the defendants were aware and that they were also previously aware of the broken locks on all the access points to the building, including the front, rear and roof doors, and of the broken intercom system.

Based on these allegations, the Supreme Court denied defendants' motion for summary judgment. It found that plaintiff had presented sufficient circumstantial evidence to raise an issue of fact as to whether the perpetrators were uninvited intruders. While recognizing the recent trend of appellate decisions limiting liability in this area, the court rejected, as too harsh, defendants' argument that as long as a perpetrator remains unidentified, a plaintiff may never prove that a defendant's failure to provide a locked door was a proximate cause of his or her injuries: "[T]he imposition of such so stringent a rule as to proximate cause would give

landlords carte blanche to ignore completely their duty to provide minimal security when the threat of intrusion from criminal purposes is reasonably foreseeable."

A landlord has a "duty to take minimal precautions to protect tenants from foreseeable harm", including harm from criminal activities (*Jacqueline S. v City of New York*, 81 NY2d 288, 293-294). Nonetheless, if a tenant is injured by criminal activity in her building, the landlord will not be liable unless its alleged negligence in maintaining the security of the building was the proximate cause of the tenant's injuries.

In the absence of proof that the assailant was an intruder who entered through a negligently unlocked door, rather than another tenant or a tenant's invitee, there is insufficient evidence of proximate cause to defeat the landlord's motion for summary judgment (*Kistoo v City of New York*, 195 AD2d 403, 404). By itself, a plaintiff's testimony that she had never previously seen the assailants does not raise a triable issue as to whether they were intruders (*Rivera v Lazo*, 230 AD2d 662, 663). Similarly, the fact that both the intercom system and the locks on the outer doors were broken is not evidence that these particular assailants were more likely to have been intruders (*Melville v New York City Hous. Auth.*, 242 AD2d 244).

The instant case is distinguishable from *Jacqueline S.*, in that the tenant in that case showed that the building had a long history, known to the Housing Authority Police and the landlord, of forcible rapes and robberies by drug-addicted intruders who could be found " 'all over' " the housing project because the entryways were not secured (81 NY2d, *supra*, at 292). Thus, there was evidence *in addition to* the negligently maintained door locks that raised a triable issue as to the foreseeability of intrusion by criminal assailants.

Significantly, in *Jacqueline S. (supra)*, the defendant did not argue that the plaintiff's assailants might have been tenants or invitees, and, indeed, the history of the building suggested otherwise (*see also, Targovnik v 460 W. 34th St. Assocs.*, 224 AD2d 272, 273 [defendants' motion for summary judgment denied; defendants knew of prior criminal activity in building and did not suggest that plaintiff's assailant was tenant or invitee]). The defendants in these cases appear to have tacitly conceded that the assailant was probably an intruder, unlike the defendants herein.

By contrast, in the case at bar, the plaintiff alleged that the defendants were put on notice of the dangerous condition of the premises, prior to the attack on the plaintiff, when two

other tenants complained to the superintendent and manager that they had been victims of crime in the building. However, she submitted no further facts about these other assaults, in particular whether they were committed by intruders or whether there was any evidence that the criminals had gained entry because of the broken locks. The police report merely showed the incidence of crime in the neighborhood in general (*compare, Crockett v New York City Hous. Auth.*, 189 AD2d 591 [affirming denial of summary judgment to defendants because "there is substantial evidence which demonstrates that the building has been the scene of many past crimes and that defendants have been aware of said criminal history as well as the broken lock on the front door for some time."]).

Among the controlling precedents that deal with this fact pattern, *Crockett* appears to be alone in stating that it is defendants' tenant/invitee suggestion, rather than plaintiff's allegation of an intruder, which is unduly speculative (*supra,* at 591). More recent cases that discuss the issue in greater depth have consistently held the opposite: where defendant's summary judgment motion disputes plaintiff's contention that the assailant was an intruder, plaintiff's opposition will fail unless she alleges more than just defective security precautions and a general history of crime in the building environs (*e.g., Kirsten M. v Bettina Equities Co.*, 222 AD2d 201, *lv denied* 88 NY2d 813; *Tolliver v New York City Hous. Auth.*, 238 AD2d 187; *Melville v New York City Hous. Auth., supra*).

We share the trial court's concern that the rule we reaffirm here will benefit many landlords who negligently fail to repair defective locks and security systems. However, we are compelled to reverse the order, grant defendants' motion for summary judgment, and dismiss the complaint. Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.