■ WILLIE COFIELD, JR., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [672 NYS2d 136] —In an action to recover damages for personal injuries, the defendant appeals

from an order of the Supreme Court, Kings County (Vinik, J.), dated June 25, 1997, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557; *see also, Pitchon v City of New York*, 243 AD2d 548). The complaint alleged, *inter alia*, that the plaintiff was assaulted in the Weeksville Gardens Housing Development by an intruder who purportedly entered the premises as a result of the alleged negligence of the defendant. However, the defendant's submissions demonstrated that it was impossible to identify the assailant. Thus, it was impossible to determine whether he or she was an intruder who gained access to the premises due to the defendant's alleged negligence. The plaintiff's opposing allegations rest upon speculative assertions with respect to the identity of the assailant, which are insufficient to defeat the defendant's motion (*see, Pitchon v City of New York, supra; see also, Fowler v New York City Hous. Auth.*, 243 AD2d 284; *Tolliver v New York City Hous. Auth.*, 238 AD2d 187; *Gleaton v New York City Hous. Auth.*, 221 AD2d 504). Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.