*548
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 These appeals return us to a regrettably recurring modern-day issue: when is a landlord of negligently secured premises liable to a tenant injured by a third party’s criminal attack? Landlords have a “common-law duty to take minimal precautions to protect tenants from foreseeable harm,” including a third party’s foreseeable criminal conduct
 
 (Jacqueline S. v City of New York,
 
 81 NY2d 288, 293-294,
 
 rearg denied
 
 82 NY2d 749;
 
 see, Nalian v Helmsley-Spear, Inc.,
 
 50 NY2d 507, 519-520). A tenant may recover damages, however, only on a showing that the landlord’s negligent conduct was a proximate cause of the injury
 
 (Miller v State of New York,
 
 62 NY2d 506, 509).
 

 At issue before us is whether two tenants, in actions against their landlords for failure to take the required minimal security precautions, sustained their burdens on proximate cause by showing that their unidentified assailants were intruders who gained access to the premises through a negligently maintained entrance. We conclude that both cases were erroneously dismissed: in
 
 Burgos
 
 the plaintiffs evidence was sufficient to survive a motion for summary judgment, and in
 
 Gomez
 
 the jury’s verdict for plaintiff should not have been set aside.
 

 I.
 

 Burgos v Aqueduct Realty Corp. et al.
 
 — As plaintiff opened her door and entered the hallway one spring afternoon, two unknown men pushed her back into her apartment, where they beat and robbed her. Although the assailants were unmasked, plaintiff could not identify them, and there were no . eyewitnesses. Plaintiff’s building was a five-story walk-up with 25 apartments, and plaintiff claimed to know all of the tenants. In an affidavit, she stated that despite repeated complaints to the superintendent and manager, and three robberies in the build
 
 *549
 
 ing over the prior three years, none of the entrances (front door, back door and roof door) had functioning locks.
 

 Plaintiff sued the building owners in negligence, and they moved for summary judgment on the ground that plaintiff could not prove that the perpetrators were intruders, because she could not affirmatively identify them as uninvited strangers to the building. The trial court denied defendants’ motion, but the Appellate Division reversed. While sharing the trial court’s concern that the rule it adopted would “benefit many landlords who negligently fail to repair defective locks and security systems,” the Appellate Division felt compelled to dismiss the case based on its own precedents holding that “where defendant’s summary judgment motion disputes plaintiffs contention that the assailant was an intruder, plaintiffs opposition will fail unless she alleges more than just defective security precautions and a general history of crime in the building environs”
 
 (Burgos v Aqueduct Realty Corp.,
 
 245 AD2d 221, 224).
 

 Gomez v New York City Housing Authority
 
 — While waiting for an elevator in the lobby of her apartment building, the 12-year-old plaintiff saw a man enter the building from the back door, which did not fit its frame and remained open. The man entered the elevator with plaintiff and several other people, but did not push a button to select a floor. When plaintiff exited the elevator he followed her and forced her to the building’s roof landing, where he raped and sodomized her.
 

 After the jury returned a verdict for plaintiff, defendant moved to dismiss the complaint on the ground that plaintiff failed to establish that her assailant was an intruder. Supreme Court granted the motion, reasoning:
 

 “This was a large building with over 150 apartments and hundreds of residents. It is unlikely that plaintiff or [another tenant who saw the attacker] would know every tenant. Certainly they could not know every guest of every tenant. Further, the fact that the assailant did not attempt to hide his identity or disguise himself and ran out of the building afterward offers no support to plaintiffs position. Crimes like this are often spontaneous and an assailant would likely not want to go to a location where he could be found or identified, such as an apartment in the premises. Thus, the jury’s finding that the assailant was an intruder is based
 
 *550
 
 solely on speculation and surmise and cannot be sustained.”
 

 The Appellate Division affirmed, agreeing that plaintiffs testimony that she had never seen the assailant before or after the attack, the assailant’s lack of disguise and his flight from the building were “insufficient as a matter of law to prove that the assailant was an intruder”
 
 (Gomez v New York City Hous. Auth.,
 
 249 AD2d 175). We now reverse in both cases.
 

 II.
 

 The two cases before us are in different procedural postures: in Burgos, the Appellate Division granted summary judgment to defendants, while in
 
 Gomez,
 
 the courts below granted defendant’s motion to dismiss the complaint
 
 after
 
 the jury returned a verdict for plaintiff.
 

 In order to prevail at trial in a negligence case, a plaintiff must establish by a preponderance of the evidence that the defendant’s negligence was a proximate cause of plaintiffs injuries. A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred
 
 (Schneider v Kings Highway Hosp. Ctr.,
 
 67 NY2d 743, 744-745;
 
 Humphrey v State of New York,
 
 60 NY2d 742, 744;
 
 Wragge v Lizza Asphalt Constr. Co.,
 
 17 NY2d 313, 321). Plaintiffs burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical “to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence”
 
 (Schneider v Kings Highway Hosp. Ctr., supra,
 
 at 744;
 
 see also, Gayle v City of New York,
 
 92 NY2d 936). When faced with a motion for summary judgment on proximate cause grounds, a plaintiff need not prove proximate cause by a preponderance of the evidence, which is plaintiffs burden at trial. Instead, in order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant’s conduct proximately caused plaintiffs injuries.
 

 In premises security cases particularly, the necessary causal link between a landlord’s culpable failure to provide adequate security and a tenant’s injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance. Since even a fully secured entrance would not keep out another tenant, or someone allowed into the building by
 
 *551
 
 another tenant, plaintiff can recover only if the assailant was an intruder. Without such a requirement, landlords would be exposed to liability for virtually all criminal activity in their buildings. By the same token, because victims of criminal assaults often cannot identify their attackers, a blanket rule precluding recovery whenever the attacker remains unidentified would place an impossible burden on tenants. Moreover, such a rule would undermine the deterrent effect of tort law on negligent landlords, diminishing their incentive to provide and maintain the minimally required security for their tenants
 
 (see, e.g.,
 
 Prosser and Keeton, Torts § 4, at 25-26 [5th ed]).
 

 Clearly, there is a need to balance a tenant’s ability to recover for an injury caused by the landlord’s negligence against a landlord’s ability to avoid liability when its conduct did not cause any injury. There is no need, however, to create a special rule for premises security cases, since the burden regularly placed on plaintiffs to establish proximate cause in negligence cases strikes the desired balance. The rule expressed in
 
 Schneider, Humphrey, Wragge
 
 and
 
 Gayle
 
 fairly balances the competing interests by not automatically foreclosing the plaintiff from recovery in the many cases where the assailant cannot be identified, while still requiring a plaintiff to present evidence from which intruder status may reasonably be inferred. Thus, a plaintiff who sues a landlord for negligent failure to take minimal precautions to protect tenants from harm can satisfy the proximate cause burden at trial even where the assailant remains unidentified, if the evidence renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance
 
 (see, Schneider v Kings Highway Hosp. Ctr., supra,
 
 at 744-745;
 
 Gayle v City of New York, supra).
 

 III.
 

 Applying those principles to the facts before us, and viewing the evidence most favorably for plaintiffs, we conclude that both plaintiffs survive the challenges to their proof of proximate cause.
 

 In
 
 Burgos,
 
 the plaintiff in her affidavit stated that she did not recognize her assailants, although she lived in a relatively small building and was familiar with all of the building’s tenants and their families. Thus, even though plaintiff would be far more likely to recognize tenants or guests than intruders, her attackers, apparently unconcerned about being recognized, did not conceal their identities or prevent
 
 *552
 
 plaintiff from seeing them. Plaintiff also averred that none of the building’s entrances had functioning locks. These statements are sufficient to raise a triable issue of fact as to whether the assailants were intruders who entered the building through a negligently maintained door.
 

 In
 
 Gomez,
 
 the plaintiff — who knew most of the building residents by sight — another building resident and a frequent building visitor all testified that they did not recognize the assailant, who entered and left the building through the broken rear door and made no attempt to conceal his identity, even though there were several people in the lobby and elevator who could have identified him. Finally, when he entered the elevator, he did not push a button to select a floor. Based on this evidence, we cannot say that “there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion” that the assailant, who entered and left the building through a negligently maintained door, was an intruder
 
 (Cohen v Hallmark Cards,
 
 45 NY2d 493, 499).
 

 Accordingly, in each case, the order of the Appellate Division should be reversed, with costs. In
 
 Burgos,
 
 defendants’ motion for summary judgment should be denied and the certified question not answered on the ground that it is unnecessary; in
 
 Gomez,
 
 the case should be remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In
 
 Burgos v Aqueduct Realty Corp.:
 
 Order reversed, with costs, and defendants’ motion for summary judgment denied. Certified question not answered as unnecessary.
 

 In
 
 Gomez v New York City Hous. Auth.:
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein. Certified question not answered as unnecessary.