(March 4, 1999)

■ IRIS TRAVIESO, Appellant, v 3908 BRONX BLVD. CORP. et al., Respondents. [686 NYS2d 42] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 21, 1997, which, in an action against defendants owner and managing agent for personal injuries sustained as a result of allegedly inadequate building security, granted defendants' motion for summary

judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff asserts that she was attacked on October 6, 1995 in an indoor parking garage, owned and operated by defendants, where she rents a space to park her car. During the course of the assault, plaintiff was thrown to the floor and was injured. It is uncontested that because the electric garage door at the lot had broken several months earlier, it had been removed by the defendants and was not yet replaced at the time of the incident.

Although plaintiff was unable to provide any direct evidence as to how the assailants gained entry into the garage, i.e., whether they came in through the open garage door entrance, through the other locked door, or as to whether they were tenants or guests of tenants in the building, plaintiff maintains that she knew that they were "intruders" rather than tenants or guests because she had been a tenant of the garage for two years, knew all of the other garage tenants, and had never seen the perpetrators before.

The foregoing satisfies plaintiff's initial burden of raising a triable issue of fact with evidence from which proximate cause may be reasonably inferred (see, Burgos v Aqueduct Realty Corp. (92 NY2d 544). "[T]he possibility of another explanation for the event is sufficiently remote or technical 'to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (supra, at 550, quoting Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 744). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.