■ AMBALAL PATEL et al., Appellants, v 25 GUNHILL ASSOCIATES, Respondent and Third-Party Plaintiff. ADVANTAGE ELEVATOR Co., INC., Third-Party Defendant-Respondent. [717 NYS2d 28] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered August 13, 1999, which, in an action to recover for personal injuries sustained by plaintiff building resident allegedly as a result of inadequate building security, granted motions by defendant building owner and third-party defendant elevator maintenance company to dismiss the complaint and third-party complaint, respectively, and denied plaintiff's cross motion for summary judgment on the issue of defendant's liability, unanimously modified, on the law, to deny defendant's and third-party defendant's motions, and otherwise affirmed, without costs.

Plaintiff asserts that he was grabbed by an unidentified person in the lobby of the building, but managed to break free and run into the elevator. However, he was pursued by the assailant, who, due to a malfunctioning elevator door, was able to get into the car, where plaintiff was beaten and robbed. Plaintiff also adduces evidence that the problem with the elevator was a recurring one of which defendant had notice; that an entrance door lock had been broken for about a month before the incident, permitting unfettered access to the building's lobby, about which defendant had received numerous complaints from tenants; and of a history of violent crime in the immediate neighborhood. Such evidence, absent countervailing evidence from defendant, suffices to raise an issue of fact as to the intruder status of the assailant (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551; *Brewster v Prince Apts.*, 264 AD2d 611, 613-614, *lv dismissed* 94 NY2d 875, *lv denied* 94 NY2d 762). Accordingly, we modify to reinstate the complaint. The third-party complaint should also be reinstated as it appears to have been dismissed merely because the complaint was dismissed. We have considered and rejected plaintiff's argument that he is entitled to summary judgment on the is-

sue of defendant's liability. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.