■ Patrick Conway et al., Respondents, v Grand Rental Station/Storage Land, Appellant, et al., Defendant. [744 NYS2d 27] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 14, 2001, which denied defendant Grand Rental Station's motion for summary judgment, unanimously reversed, on the law, without costs, and the mo-

tion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff Patrick Conway tripped and fell when his foot got caught in the tail flap of a truck owned and leased to him by defendants. Plaintiff alleged that a tripping hazard was created because the tail flap had been folded over in an elevated position due to a malfunction in the lift gate's hydraulic control which, in turn, was due to the negligence of defendants. Plaintiff's deposition testimony established that the hydraulic lift gate was a level transport platform that extended out from the rear of the truck and that the tail flap served as a small ramp to allow smooth transference onto and off the lift gate when it was on the ground. Although the hydraulic lift gate may have been stuck, plaintiff also testified that the tail flap was in working order when he fell. The tail flap was operated manually and its position was independent of the hydraulic system of the lift gate. Defendants' alleged negligence thus had nothing to do with the tail flap's position when the accident happened. Since there is no evidence to establish defendants' negligence as a substantial cause of plaintiff's fall, defendants' motion should have been granted (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.