■ GLORIA GARFINKEL, Respondent, v BAYER CORPORATION, Appellant, et al., Defendant. [779 NYS2d 71]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered March 9, 2004, which, in this product liability action, granted defendant Bayer Corporation's motion for leave to reargue its motion for summary judgment, previously denied in an order of the same court and Justice, entered November 7, 2003, and, upon reargument, adhered to the original determination, unanimously affirmed, without costs. Appeal from the November 7, 2003 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

There are triable issues of fact as to whether the warning label for defendant Bayer's pharmaceutical product, known as

CIPRO, was adequate at the time that CIPRO was prescribed for plaintiff. The evidence showed that Bayer was aware of the potential association between CIPRO use and ruptures of the achilles tendon for at least a year prior to October 1994, when the drug was prescribed for plaintiff, but did not during that time warn of the potential association. In light of this evidence, a factual issue was raised as to whether Bayer breached its duty to warn of all potential dangers in its prescription drugs of which it knew, or, in the exercise of reasonable care, should have known (see Martin v Hacker, 83 NY2d 1, 8 [1993]).

Plaintiff, by citing a 1996 scientific study indicating that CIPRO might disproportionately affect the tendons and the deposition testimony of Bayer's director of drug safety, who admitted that it was possible that CIPRO caused or contributed to plaintiff's achilles tendon rupture, raised triable issues of fact as to whether CIPRO caused her achilles tendon rupture (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]). Contrary to Bayer's contention, factual issues are also raised as to whether its failure to warn was causally related to plaintiff's injury. The record does not permit the conclusion that, had a warning respecting an association between CIPRO use and achilles tendon rupture been given, plaintiff's physician would nonetheless have prescribed the medication or that plaintiff, who evidently owned and consulted her own copy of the Physician's Desk Reference, would have agreed to take it. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.