■ Gerardo Urbano, Respondent, v 710 Amsterdam Associates, L.L.C., Appellant, et al., Defendant. [835 NYS2d 35]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 28, 2006, which, in an action for personal injuries sustained when plaintiff was assaulted in defendant restaurant, denied defendant landlord's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendant 710 Amsterdam Associates, L.L.C.

The record establishes that defendant transferred full possession and control of the space where the assault occurred to the restaurant's owners, and never exercised any control whatsoever over either the operation of the restaurant or the conduct of its patrons. Therefore, defendant cannot be held liable on the theory that it failed in its common-law duty to take reasonable measures to secure the restaurant against foreseeable criminal activity (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232-

233 [2001]), even if it was on notice of the history of criminal activity at the restaurant (*see id.* at 232 [foreseeability alone does not define duty; it merely determines the scope of the duty once it is determined to exist]). Nor can defendant be held liable under Real Property Law § 231 (2). A restaurant is not an "unlawful trade, manufacture or business." To the extent plaintiff invokes the restaurant's repeated violations of the Alcoholic Beverage Control Law, while the record tends to show a correlation between past incidents of violence at the restaurant and inebriation, there is no evidence of a causal relationship between the assault committed on plaintiff and the restaurant's violation of a particular provision of the Alcoholic Beverage Control Law (*see Maria S. v Willow Enters.*, 234 AD2d 177, 178-179 [1996]). We have considered and rejected plaintiff's other arguments. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Catterson, JJ.