■ Maurice New et al., Respondents, v New York State Urban Development Corp. et al., Appellants. [972 NYS2d 556]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered August 8, 2012, which, insofar as appealed from as limited by the briefs, denied defendant Madison Security Group, Inc.'s motion for summary judgment dismissing the complaint, and denied defendants New York State Urban Development Corp., Twin Parks Southeast Houses Incorporated, Inc., D.U. Second Realty, BSR Management Corp., and Riverside Management Corporation's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

Defendants met their prima facie burdens by proffering evidence that there was no proof that the assailant who shot plaintiffs was an intruder as opposed to a building resident or guest. Specifically, plaintiffs testified that they could not even

ascertain the assailant's race or gender (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 558 [1998]). Thus, plaintiffs contention that negligence on part of defendants was a proximate cause of the incident is entirely speculative (*see Maria S. v Willow Enters.*, 234 AD2d 177, 178 [1st Dept 1996]). Inasmuch as plaintiffs' arguments in opposition failed to refute defendants' evidence, defendants' motions should have been granted (*see Pagan v Hampton Houses*, 187 AD2d 325, 325-326 [1st Dept 1992]).

We add that the affidavit of Madison's former employee was irrelevant inasmuch as it does not address the issue of how the assailant gained entry into the building (*see Maria S.*, 234 AD2d at 178). Moreover, the affidavit appears to have been tailored to avoid the consequences of plaintiffs' depositions (*see Perez v Abbey Assoc. Corp.*, 103 AD3d 573 [1st Dept 2013]; *Morrissey v New York City Tr. Auth.*, 100 AD3d 464 [1st Dept 2012]).

We have considered the parties' remaining contentions and find them unavailing or rendered academic in light of the foregoing. Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.