■ CLAIRE URICH, Respondent, v 765 RIVERSIDE LLC et al., Appellants. (And a Third-Party Action.) [998 NYS2d 889]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered June 25, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In opposition to defendants' prima facie showing that the locks on the entrances to the building were working on the date of the criminal attack on plaintiff, plaintiff raised an issue of fact as to whether her assailant gained entry through a side entrance (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544 [1998]). She submitted tenants' affidavits saying that there was a recurring problem with the side door to the building, i.e., that it did not close completely, and that, on or about the date of the assault, the lock on that door "would spin so that any key could open [it]." Moreover, plaintiff presented evidence raising an issue of fact as to the foreseeability of the attack (*see Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). She submitted a letter sent to defendant building manager by a group of tenants 18 months before the assault on her complaining of a break-in that resulted in destruction of property, intruders smoking marijuana on the roof, the service elevator being used for "drug drops," and the building becoming a target for people "to easily enter . . . , conduct illegal activities and escape without apprehension," and requesting, inter alia, that the building's locks be replaced rather than waiting "for tragedy to strike."

We have considered defendants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 31621(U).]**