Jane Doe v Turnmill LLC (2021 NY Slip Op 02495)





Jane Doe v Turnmill LLC


2021 NY Slip Op 02495


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 152037/16 Appeal No. 13114 Case No. 2020-02604 

[*1]Jane Doe, Plaintiff-Appellant,
v
Turnmill LLC et al., Defendants-Respondents, Bellevue Men's Shelter et al, Defendants.


Simon Lesser PC, New York (Leonard F. Lesser of counsel) for appellant.
Law Offices of Robert H. Goldberg, PLLC, Rockville Centre (Robert H. Goldberg of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 4, 2020, which granted defendants Turnmill LLC and Harvard Agency Co. Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.
On Saturday night, April 11, 2015, between 7:45 and 8:00 p.m., plaintiff was raped in the restroom in the basement at a building owned by Harvard and leased to Turnmill for use as a bar/restaurant. Our courts have long held that "'New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition'" (Maheshwari v City of New York, 2 NY3d 288, 294 [2004], quoting Tagle v Jakob, 97 NY2d 165, 168 [2001]; see also Basso v Miller, 40 NY2d 233, 241 [1976]). "Although landlords . . . have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not the insurers of a visitor's safety (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]; Jacqueline S. v City of New York, 81 NY2d 288, 292-293 [1993], rearg denied 82 NY2d 749 [1993]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507,519 [1980])" (Maheshwari at 294). "[T]he scope of the possessor's duty is defined by past experience and the likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor" (id. [ internal quotation marks omitted]). Defendants established prima facie that they were not liable for plaintiff's injuries by submitting evidence that there was no breach of security protocol at the time of plaintiff's attack, and that even if there had been a security guard on duty at the bar/restaurant at the time of the incident, there is no evidence that he could have done anything to prevent the attack. Defendants further submitted evidence from a retired NYPD captain that Turnmill was located in a low crime area and that the attack on plaintiff was not reasonably foreseeable.
In opposition, plaintiff raised an issue of fact by pointing to evidence that Harvard was aware of another assault at a bar owned by the same family and located only a few blocks from Turnmill (see Nallan v Helmsley-Spear, Inc. at 519; see also Jacqueline S. v City of New York at 294 [stating that '[t]here is no requirement . . . that the past experience relied on to establish foreseeability be of criminal activity at the exact location where plaintiff was harmed or that it be of the same type of criminal conduct to which plaintiff was subjected"]). The Vice President of Harvard testified that he expected that Turnmill would hire a security consultant to review the security procedures at the premises. He also agreed that video surveillance systems were required at Harvard's properties to "deter improper activity." 
In addition, plaintiff submitted a detailed [*2]expert affidavit indicating that the bar/restaurant was in a high crime area, and that the security employed was inadequate and a deviation from reasonable security standards. Plaintiff further relied on the testimony of Turnmill's managing agent who stated that he had hired a contractor to install three cameras and a new surveillance system in the premises in 2014, and that the cameras were placed in the upstairs bar area and outside the premises, but not in the basement area near the restrooms. In fact, on December 16, 2014, he had purchased 10 additional security cameras that he intended to install in the basement and directly outside the women's bathroom, but they had not been installed at the time of plaintiff's rape. According to plaintiff's expert, had those cameras been installed, the assailant would have been deterred from attacking plaintiff.
Spoliation sanctions are not warranted, since plaintiff did not establish that defendants had an obligation to preserve 30 days of video footage or had a culpable state of mind in failing to preserve this footage, and a showing that the assailant was on the premises before the incident is not probative (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021