OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, the certified question answered in the negative, and defendant’s motion for summary judgment dismissing the complaint granted.
 

 Plaintiff was robbed and beaten in a nighttime mugging by several unidentified perpetrators as he walked across an open area of a parking lot in defendant’s apartment complex. The attackers covered plaintiffs head with a blanket and beat him about the legs and face. Plaintiff alleged that the proximate cause of his injuries was that the only light in the parking lot was not functioning.
 

 Supreme Court denied defendant’s motion for summary judgment dismissing the complaint, and the Appellate Division affirmed, by a 3-to-2 vote. That Court then granted leave to appeal to this Court on a certified question.
 

 We conclude that on the record of this case, no genuine issues of fact concerning the malfunctioning light as the proximate cause of plaintiff’s injuries were proffered in response to defendant’s motion to dismiss. An examination of plaintiffs opposition motion papers reveals no evidentiary proof "in admissible form,” other than " ' "[m]ere conclusions, expressions of hope or unsubstantiated allegations or assertions,” ’ ” that the alleged insufficient lighting in the parking lot may have contributed to the criminal incident leading to plaintiff’s injuries
 
 (Ascher v Garafolo Elec. Co.,
 
 113 AD2d 728, 731 [quoting
 
 Krupp v Aetna Life & Cas. Co.,
 
 103 AD2d 252, 262 (citations omitted)],
 
 affd for reasons stated below
 
 67 NY2d 637).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 
 *889
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.