■ SANDRA GIBBS, Appellant, v DAVID T. DIAMOND et al., Respondents. [682 NYS2d 181] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 14, 1997, which, in an action for personal injuries resulting from a criminal attack in an apartment building, granted defendant building owners' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion denied and the complaint reinstated.

Plaintiff, who was a guest in defendants' building, alleges that a person who turned out to be a building tenant attacked her in a hallway and then dragged her to an unlocked, vacant apartment nearby where he completed the attack. She seeks to recover on the theory that the unlocked, vacant apartment was a lapse of building security that proximately caused her injuries.

Generally, a landlord is "responsible for and presumed to be capable of maintaining his premises in reasonably secure and physically safe condition" (*Gill v New York City Hous. Auth.*, 130 AD2d 256, 263, citing *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). "Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548). So, for instance, where a building lacks a properly operating elevator or proper lighting, such negligence may support a finding of liability on the part of the landlord where the plaintiff was the victim of criminal activity, *if* the negligence may be said to be a proximate cause of the plaintiff's injuries (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327, 331). It is not enough to show that elevators or lights were out of order; the plaintiff must offer evidence tending to establish that the alleged negligence of the landlord was in fact a proximate cause of the plaintiff's injuries (*see, Wright v New York City Hous. Auth.*, *supra*).

Thus, a jury verdict in favor of a plaintiff was upheld in *Loeser v Nathan Hale Gardens* (73 AD2d 187), where the plaintiff was assaulted at night in a parking lot where the fluorescent lighting (installed in accordance with applicable statutes and regulations) had malfunctioned and had not been repaired by the lot's owner, despite numerous complaints. The Court, recognizing that "landowners owe a 'standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability'", held that testimony establishing

the relationship between violent crime and unlit outdoor areas created an issue of fact as to the foreseeability of the crime to which the plaintiff was subjected (*Loeser v Nathan Hale Gardens, supra,* at 190, quoting *Basso v Miller,* 40 NY2d 233, 241). Of course, a plaintiff cannot succeed unless she satisfies the burden of making an evidentiary showing that the alleged negligence was a proximate cause of the incident (*see, Rodriguez v New York City Hous. Auth.,* 87 NY2d 887).

On the other end of the spectrum, in *Wright v New York City Hous. Auth.* (208 AD2d 327, *supra*), the plaintiff's complaint was dismissed because, despite expert opinion asserting the dangers of inoperative elevators and dark stairwells, the plaintiff failed to establish as a factual matter that those conditions in any way contributed to the death of plaintiff's decedent. Although the decedent was murdered somewhere in her apartment building, plaintiff did not know the place or circumstances of the murder.

In contrast to *Wright v New York City Hous. Auth.* (*supra*), here, plaintiff's testimony, setting out exactly how the crime occurred, is sufficient to permit the jury to find that the crime and her resulting injuries were a direct result of the availability of a vacant apartment negligently left unlocked.

Had the attack taken place in the hallway or in a stairwell, plaintiff concedes, she would not be entitled to seek damages from the landlord merely on the grounds of the tenant-attacker's criminal record. Even if a landlord has actual or constructive notice of a tenant's criminal history, "a landlord is under no duty to safeguard a tenant against attack by another tenant 'since it cannot be said that the landlord had the ability or a reasonable opportunity to control [the assailant]' " (*Wright v New York City Hous. Auth.,* 208 AD2d 327, 331, *supra,* quoting *Blatt v New York City Hous. Auth.,* 123 AD2d 591, 592, *lv denied* 69 NY2d 603; *Gill v New York City Hous. Auth.,* 130 AD2d 256).

However, the failure to take the minimal precaution of locking a vacant apartment, thereby making it available for carrying out criminal attacks, is comparable to the failure to illuminate a parking lot at night, as discussed in *Loeser* (*supra*); in each instance, it may be said to be a foreseeable consequence of the lapse that a criminal will take advantage of the opportunity to conduct an attack while the danger of being observed is minimal (*see, Scialabba v Brandise Constr. Co.,* 112 Nev 965, 970, 921 P2d 928, 931 ["criminal activity is foreseeable as a result of keeping the doors to the vacant apartments unlocked"]; *see also, Bonano v S.Z. Realty Corp.,* 256 AD2d

268 [decided herewith] [question of fact whether attack on roof is foreseeable where alarm lock on door to roof was inoperative, and evidence of other criminal activity on roof was offered]; *Stickle v City-Wide Sec. Servs.*, 839 F Supp 207 [disengaging motion detectors and restoring elevator service to vacant floor of building created a foreseeable hazard of criminal acts]).

The substantial difference that could have been made by merely engaging a door lock distinguishes this case from *Provenzano v Roslyn Gardens Tenants Corp.* (190 AD2d 718, 720), where a failure to lock a laundry room door could not support a claim against a landlord when an attack took place there, since in any case the assailant, an invited guest, would have had a key.

Just as "the failure to provide locks on outer doors is only pertinent as an alleged proximate cause if there is evidence to support a finding that the assailant was 'an intruder'" (i.e., that he would not otherwise have gained entry to the building) (*Dawson v New York City Hous. Auth.*, 203 AD2d 55), the failure to employ an available lock on an apartment door is pertinent if the facts support a finding that the assailant would not otherwise have been able to carry out the crime. The showing made by plaintiff, seen in the light most favorable to her case, is sufficient to justify leaving the issues of causation and foreseeability to trial. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.