■ MELISSA BONANO, an Infant, by Her Mother and Natural Guardian, ANA GUITERREZ, et al., Respondents, v S.Z. REALTY CORP., Appellant, et al., Defendant. [682 NYS2d 180] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 2, 1998, which, in an action by plaintiff tenant against defendant landlord for personal injuries allegedly sustained as a result of an assault committed by another building tenant on the roof of the building, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

An issue of fact exists as to whether the crime committed against plaintiff was foreseeable, raised by evidence of criminal activity on the roof, including vandalism and rampant drug use, during the long period of time that the alarm lock on the door to the roof was broken (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-520; *Jacqueline S. v City of New York*, 81 NY2d 288, 294-295). If it is found that the attack on plaintiff was foreseeable, it would follow, as a matter of law, that defendant breached its duty to plaintiff to provide reasonable secu-

rity, the record establishing that defendant had ample notice that the alarm was broken, and there being no evidence that it took any other security measures with respect to the roof. Concerning causation, issues of fact exist as to whether the attack took place on the roof, and whether the failure of the alarm lock to operate was a substantial factor in contributing to the attack (*see, Gibbs v Diamond,* 256 AD2d 266 [decided herewith]). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.