■ CARMINE GUADAGNO, Appellant, v TERRACE TENANTS CORP. et al., Respondents. [691 NYS2d 146] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Arniotes, J.), dated May 13, 1998, which granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law on the ground that the plaintiff failed to prove a prima facie case, and (2) a judgment

of the same court, dated June 23, 1998, in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion to dismiss the complaint is denied, the complaint is reinstated, the order is vacated, and a new trial is granted, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff brought the instant action to recover damages for injuries he allegedly sustained when he was assaulted by unknown persons who burglarized his first-floor apartment. At trial, he presented evidence that the assailants entered his apartment at about 5:00 A.M., through a living room window which leads to an elevated courtyard, and that the courtyard outside of his apartment was not lit at all. He alleged that the defendants were negligent, *inter alia,* in failing to equip the courtyard with a means of artificial light. The court granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law on the ground that the plaintiff failed to prove a prima facie case.

Viewing the evidence in the light most favorable to the plaintiff, the Supreme Court improperly concluded that "there [was] no rational process" by which the jury could have based a finding in favor of the plaintiff in the instant case (*Szczerbiak v Pilat,* 90 NY2d 553, 556). The defendants owed a duty " 'to take minimal precautions to protect tenants from foreseeable harm', including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548, quoting *Jacqueline S. v City of New York,* 81 NY2d 288, 293-294; *see, Miller v State of New York,* 62 NY2d 506, 513).

The defendants' failure to light the courtyard outside of the plaintiff's apartment, in violation of Multiple Dwelling Law § 26 (7-a) and Administrative Code of City of New York § 27-739, was prima facie evidence of their negligence (*see, Tepoz v Sosa,* 241 AD2d 449; *Barnes v Stone-Quinn,* 195 AD2d 12, 14). In addition, the plaintiff submitted sufficient evidence of prior criminal conduct at the building from which the jury could have determined that the subject incident was foreseeable (*see, Jacqueline S. v City of New York, supra,* at 294-295; *Loeser v Nathan Hale Gardens,* 73 AD2d 187, 190).

Moreover, in establishing a prima facie case that the lack of lighting in the courtyard outside his apartment was a proximate cause of the subject incident, the "plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred * * * [The] plaintiff's burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical 'to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550, quoting *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745). In the instant case, the plaintiff's evidence was sufficient. "Although it is of course impossible to state with certainty that the assault would not have occurred if [the courtyard] had been properly illuminated, it was properly a jury question under all the circumstances to determine whether the absence of the lights in fact contributed substantially to the criminal assault and subsequent injuries" (*Loeser v Nathan Hale Gardens, supra*, at 191; *see, Gibbs v Diamond*, 256 AD2d 266; *cf., Rodriguez v New York City Hous. Auth.*, 87 NY2d 887). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.