■ NICOLE JIGGETS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. TAMMY JONES, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [693 NYS2d 601] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 26, 1998, which granted defendant's motion for summary judgment dismissing the complaints, unanimously reversed, on the law, without costs, the motion denied and the complaints reinstated.

The motion court erred when it dismissed the complaint based merely upon its conclusion that plaintiffs failed to demonstrate that the assailant was an intruder. To establish a prima facie case, the plaintiffs needed only to present evidence from which it could be reasonably inferred that the defendant acted negligently and that this negligence was the cause of their injuries (*see, Brito v Manhattan & Bronx Surface Tr. Operating Auth.*, 188 AD2d 253, 254, *appeal dismissed* 81 NY2d 993). "[A] plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550). Here, plaintiffs made a prima facie showing that defendant maintained its elevators in a negligent manner and that such negligence was a proximate cause of their injuries.

"Irrespective of the absence of a statutory obligation, the landlord remains subject to the common-law duty to take minimal precautions to protect tenants from foreseeable harm" (*Jacqueline S. v City of New York*, 81 NY2d 288, 293-294; *see also, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). Plaintiffs' evidentiary showing was sufficient to create issues of fact as to whether defendant breached that duty and whether the alleged harm to plaintiffs was foreseeable. Plaintiffs' expert, a former New York City Housing Police Department officer who had served as commanding officer of the Elevator Vandalism squad, testified that it was "common knowledge" that criminals disabled the types of elevators operating in defendant's buildings so as to trap their victims, that indeed this happened throughout defendant's housing projects daily, and that defendant was well aware of this problem. His assertion that the allegedly outdated and defective swing door elevators created a known safety threat which could have been easily remedied at minimal cost, is sufficient to create an issue of fact as to whether or not the landlord sufficiently fulfilled the

requirement to provide minimal security precautions (*see, Gibbs v Diamond*, 256 AD2d 266). In addition, this testimony was sufficient to create an issue as to the foreseeability of the abuse of these "swing hatch door" elevators for such criminal purposes.

A question of fact is also presented as to whether defendant's alleged negligence was a proximate cause of the attack and injuries. The testimony of plaintiffs' expert indicates that criminal attacks in the elevators would have been deterred had defendant installed warning devices signaling that the elevators were rendered inoperable. Consequently, whether such security measures would have prevented these incidents is a triable issue of fact.

Furthermore, plaintiffs' testimony setting out exactly how the crime occurred, in particular, that the assailant was able to disable and re-engage the elevator at will, thereby trapping his victims without danger of detection, was enough to allow a jury to find that the crimes and plaintiffs' injuries were a direct result of the landlord's negligence (*see, Gibbs v Diamond, supra*, at 267).

Finally, even assuming that the allegedly defective elevator did not provide possible grounds for liability, the evidence of negligently maintained entrance door locks was sufficient to withstand defendant's challenge. The trial court's emphasis on the issue of the attacker's alleged identity as an intruder rather than a tenant or invited guest was in error, in that plaintiffs' burden was merely to show that it was "more likely or more reasonable than not that the assailant was an intruder" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d, *supra,* at 551). That the attacker was masked does not eliminate any possibility of proving that the masked attacker was not a tenant or invitee. The attacker was with the plaintiffs for some time and in each case spoke with them throughout the robbery and rape. None of the women recognized his voice, although they were either tenants or frequent visitors to the buildings. One observed the assailant run down the staircase and exit the building. It is possible for a jury to infer from this evidence that it is more likely or reasonable than not that the attacker was an intruder.

Therefore, in this respect, as well, the court thus erred in granting defendant summary judgment and dismissing the complaints. Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.