■ CHRISTOPHER COLAROSSI, Respondent, v UNIVERSITY OF ROCHESTER, Appellant. [770 NYS2d 237]—

Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered October 3, 2002, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff, a student at defendant, University of Rochester, commenced this action seeking to recover damages for injuries he sustained when he was shot while on defendant's campus by a person who was not a student there. Plaintiff alleges that defendant was negligent in failing to provide adequate security protection in the area of the campus where the incident occurred. Prior to the shooting, plaintiff and his friends had attended several parties hosted by various sororities and fraternities in a residential area of the campus commonly referred to as the fraternity quad. During the course of the evening, plaintiff observed a group of four young men at some of the parties who plaintiff believed were not students based upon their young age and demeanor. At approximately 1:40 A.M., one of those young men began yelling to plaintiff's friend, who walked toward the group. Plaintiff observed one of the young men punch his friend and observed the group begin to close in around his friend, at which point plaintiff approached the group in order to intervene on his friend's behalf. Although plaintiff later learned that one of the young men twice stated "Back off or I'll pop you," he did not himself hear the threat and was thereafter shot. There were 19 security officers patrolling the campus that night, eight of whom were part of a heightened security detail stationed approximately one quarter of a mile from the fraternity quad in an area where there had been a rash of robberies the previous week. Officers from that detail responded within 1 to 2 minutes to the call reporting the shooting. The security officer assigned to the fraternity quad area was in an office attending to paperwork at the time of the shooting.

We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established its entitlement to judgment as a matter of law and plaintiff failed to raise an issue of fact whether any negligence on the part of defendant was a proximate cause of plaintiff's injuries. Even assuming, arguendo, that defendant owed a duty to plaintiff to protect him from the criminal behavior of others on the campus, and further assuming, arguendo, that defendant breached that duty by failing to provide adequate security measures, we conclude that any negligence on the part of defendant is not a proximate cause of plaintiff's injuries. In opposition to defendant's motion seeking summary judgment dismissing the complaint, plaintiff provided the affidavit of an expert stating that the "shooting was reasonably

preventable if [defendant] had provided an adequate level of lighting . . . [and] better allocate[ed] limited personnel resources to patrolling the campus." We conclude, however, that, because of its "highly speculative and conclusory nature," the affidavit of plaintiff's expert is insufficient to raise an issue of fact with respect to proximate cause (*Ascher v F. Garafolo Elec.*, 113 AD2d 728, 731-732 [1985], *affd* 67 NY2d 637 [1986]; *cf. Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 521 [1980]). Although it is conceivable that a greater security presence may have prevented the incident, "conceivability is too slim a reed, standing alone, to support the conclusion that [defendant's] alleged negligence proximately resulted in [plaintiff's] injuries" (*Ascher*, 113 AD2d at 732). Thus, plaintiff failed to raise an issue of fact with respect to proximate cause and we therefore reverse the order, grant defendant's motion and dismiss the complaint.

All concur except Hurlbutt, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Hurlbutt, J.P., and Gorski, J. (dissenting). We respectfully dissent. In our view, plaintiff raised issues of fact whether the shooting was foreseeable and whether reasonable measures could have prevented it. "A landowner has a duty to take reasonable precautions to secure its premises if it knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety' of users of the premises" (*Di Ponzio v Riordan*, 224 AD2d 139, 142 [1996], *affd* 89 NY2d 578 [1997]). "To recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Farrell v Vega*, 303 AD2d 716, 716-717 [2003]). "There is no requirement . . . that the past experience relied on to establish foreseeability be of criminal activity at the exact location where plaintiff was harmed or that it be of the same type of criminal conduct to which plaintiff was subjected" (*Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993], *rearg denied* 82 NY2d 749 [1993]).

By submitting evidence of increased criminal activity in and around defendant's campus prior to the shooting, plaintiff raised an issue of fact whether the shooting was foreseeable. Moreover, the record establishes that, on the night that the shooting took place, campus security was operating a "Heightened Security Detail" due to a recent rash of criminal activity on campus,

which tends to show that defendant was aware of an increased risk of violent crime. Despite that knowledge, campus security had only one officer on duty patrolling the area where the shooting occurred, a fraternity quad where four parties were ongoing. At the time of the shooting, that patrol officer was off-site completing paperwork. Thus, plaintiff raised an issue of fact whether the security provided was adequate under the circumstances.

Whether a greater security presence on the fraternity quad would have prevented the shooting is likewise an issue of fact for trial. "Proximate cause is almost invariably a factual issue [and] . . . only extraordinary intervening acts which are not foreseeable in the normal course of events may serve as a basis for ruling as a matter of law that the chain of causation has been broken" (*Monell v City of New York*, 84 AD2d 717, 718 [1981]). The shooting did not occur in a sudden burst of violence. Plaintiff and his friends had a confrontation with the shooter and his friends when one of the shooter's friends punched one of plaintiff's friends in the fraternity quad. Plaintiff submitted evidence establishing that, prior to the punch, there was "yelling," and it was reported that the shooter and his friends were "kicking cans, talking loudly, and yelling racial slurs," all of which would have attracted the attention of a security guard had there been one patrolling the fraternity quad. Plaintiff also submitted evidence establishing that, after the first punch was thrown, plaintiff's friends were rolling on the ground fighting with two of the shooter's friends. Plaintiff was trying to keep the shooter's two other friends from entering the fray when a gun was drawn and fired, injuring plaintiff. Plaintiff's intervention in a confrontation with the armed perpetrator does not establish defendant's entitlement to summary judgement, inasmuch as "[t]he trier of fact must determine whether plaintiff's demeanor and behavior aggressively precipitated the confrontation, to the extent of relieving defendant of responsibility" (*McKinnon v Bell Sec.*, 268 AD2d 220, 221 [2000]). Finally, in response to defendant's contention that no reasonable security measures could have prevented the shooting, plaintiff submitted the affidavit of an expert who opined that the shooting was reasonably preventable, thus creating an issue of fact (*see Jiggets v New York City Hous. Auth.*, 263 AD2d 426 [1999]). We would therefore affirm the order. Present— Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.