Astupina v West Farms Sq. Hous. Dev. Fund Corp. (2021 NY Slip Op 03542)





Astupina v West Farms Sq. Hous. Dev. Fund Corp.


2021 NY Slip Op 03542


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 306839/13 Appeal No. 14010-14011 Case No. 2020-04701, 2020-01312 

[*1]Aquila Astupina, Plaintiff-Respondent,
v
West Farms Square Housing Development Fund Corporation, et al., Defendants-Appellants. 


Baker Greenspan & Bernstein, Bellmore (Robert L. Bernstein, Jr. of counsel), for appellants.
Pena & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about October 25, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Appeal from order, same court (Doris M. Gonzalez, J.), entered on or about October 23, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for an order allowing her trial testimony to be pre-recorded due to the Covid-19 pandemic, unanimously dismissed, without costs, as academic.
In this action, plaintiff alleges that she was assaulted by a masked and hooded man in the 20th floor corridor leading to her apartment in the building owned and managed by defendants. Plaintiff asserts a negligent security claim against defendants based on her allegation that the building's front door lock was broken for some time prior to the incident and that the building had a side door that was propped open during the day.
"Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998], quoting Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]). However, an injured tenant may recover damages "only on a showing that the landlord's negligent conduct was a proximate cause of the injury" (Burgos, 92 NY2d at 548). A defendant seeking summary judgment in a negligent security case may meet its initial burden by presenting evidence that the locks to the building's exterior entrances, as well as an intercom system, were in operable condition at the time of the assault (see Alvarez v Masaryk Towers Corp., 15 AD3d 428, 429 [2d Dept 2005]). The plaintiff then "must raise triable issues of fact as to whether it was more likely than not that the assailants were intruders who gained access to the premises through the negligently-maintained entrance" (Chunn v New York City Hous. Auth., 83 AD3d 416, 417 [1st Dept 2011]), because "even a fully secured entrance would not keep out another tenant" (Burgos, 92 NY2d at 550).
Defendants' motion for summary judgment dismissing the complaint should have been granted. Defendants established, through plaintiff's and other witness testimony, that the building's front and side door locks were operable on the day of the incident, that they had no notice of any problems in the building prior to the incident, and that the area around the building was calm and not dangerous.
In opposition, plaintiff failed to raise an issue of fact sufficient to defeat defendants' motion. While plaintiff raised an issue of fact as to whether the building's entrance doors were operable on the day of the incident, plaintiff failed to raise an issue of fact that the assailant was an intruder who gained access to the building through a negligently maintained entrance[*2]. Plaintiff testified that the assailant was masked and hooded, with only his eyes and the tip of his nose visible. Plaintiff admitted that she could not identify the assailant. Although plaintiff saw the assailant flee down the stairs, towards the 19th floor, she did not see him exit the building and does not know where he went (cf. Jiggets v New York City Hous. Auth., 263 AD2d 426, 427 [1st Dept 1999]). Under the circumstances, no triable issue of fact exists because there is no evidence from which a jury could conclude, without pure speculation, that the assailant was an intruder, as opposed to a tenant or invitee (see Hierro v New York City Hous. Auth., 123 AD3d at 508, 509 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021