■ DEBORAH D. McDONALD, Individually and as Parent and Natural Guardian of JENNA R. McDONALD, and as Administratrix of the Estate of SCOTT M. McDONALD and Another, Deceased, Respondent, v M.J. PETERSON DEVELOPMENT CORPORATION et al., Appellants, et al., Defendant. [703 NYS2d 324] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the motion of defendant Allenhurst Housing Associates (Allenhurst) and defendant M.J. Peterson Development Corporation (Peterson) for summary judgment dismissing the complaint and cross claims against them. Allenhurst, as owner of the apartment complex where plaintiff and her family resided, and Peterson, as managing agent of the apartment complex, owed a duty to exercise reasonable care in providing security for the safety of their tenants (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519). Those defendants failed to meet their initial burden of negating the existence of all factual issues concerning the performance of that duty (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

The court also properly denied the cross motion of defendant Doyle Protective Services, Inc. (Doyle) for summary judgment dismissing the complaint and cross claims against it. Even assuming, arguendo, that Doyle met its initial burden, plaintiff raised factual issues whether the performance of Doyle's

contractual obligation to provide security services at the apartment complex " 'induced detrimental reliance [by plaintiff's family] on continued performance and [whether Doyle's] inaction * * * [resulted] not "merely in withholding a benefit, but positively or actively in working an injury" ' " (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587, quoting *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226). Moreover, plaintiff raised factual issues whether Doyle was aware of prior criminal activity in the vicinity of the apartment in which plaintiff's family resided and failed to provide adequate security under the circumstances.

The court erred, however, in denying the motion of Doyle for summary judgment on its claim against Allenhurst and Peterson for contractual indemnification. Except where prohibited by statute (*see, e.g.*, General Obligations Law § 5-322.1 *et seq.*), an agreement that indemnifies a party for damages resulting from its own negligent conduct is enforceable (*see, New York Tel. Co. v Gulf Oil Corp.*, 203 AD2d 26, 27). Thus, we modify the order by granting Doyle's motion.

All concur, Denman, P. J., not participating. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.