◼ HAMMADOUN CISSE et al., Respondents, v S.F.J. REALTY CORP., Appellant. [682 NYS2d 199] —Order, Supreme Court, Bronx County (George Friedman, J.), entered October 14, 1997, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injuries and emotional distress, allegedly caused by defendant's negligence and failure to secure its five-story building, containing 47 apartments, at 16 Elliot Place in the Bronx, three unknown men pushed into the Cisse apartment, terrorized Hammadoun Cisse and his two children, and shot Mr. Cisse in the abdomen. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiffs conceded that the assailants were unknown and were thus not clearly "intruders", and defendants had no prior knowledge of other criminality and vandalism in the building.

Plaintiffs' opposition was based upon the depositions of plaintiffs and defendant's agent and the expert opinion of a former Police Commissioner that the building was a high-crime location in which the attack should have been foreseeable. Plaintiff alleged that, on April 20, 1994, at about 10:30 A.M., Mr. Cisse was accosted by three intruders in the hallway outside the door to his apartment, 4H, located at 16 Elliot Place, in the Bronx. The three intruders forced him into his apartment where he and his children were held at gunpoint while the three men searched the apartment for valuables. After finding nothing to steal, one of the men shot Mr. Cisse in the stomach. Shortly before the assault, Mr. Cisse had observed the three men enter through the unlocked front entrance to the building without the use of a key. Plaintiff was familiar

with all of the building's tenants and knows that none of the three men who assaulted him were tenants.

During his two years residing at 16 Elliot Place, Mr. Cisse never saw the three assailants in the building, and during the time that he lived there and the almost two years prior to that, when he lived in another building on the street, he never saw the three assailants in the neighborhood prior to the date of this assault. During the time Mr. Cisse lived at 16 Elliot Place, the lock to the front entrance to the building never worked. According to him, anyone could enter without the use of a key and the front door intercom system never worked while he lived there.

In denying defendant's motion, Supreme Court found: "The statement of Plaintiff that he is familiar with all tenants of the premises and that he did not recognize any of his assailants raises issues of fact as to whether the assailants were 'intruders' ". We agree.

Recently, the Court of Appeals, in *Burgos v Aqueduct Realty Corp.* (92 NY2d 544, 550-551), revisited the issue of proximate cause in premises security cases, holding, in pertinent part, that:

"In order to prevail at trial in a negligence case, a plaintiff must establish by a preponderance of the evidence that the defendant's negligence was a proximate cause of plaintiff's injuries. A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745; *Humphrey v State of New York*, 60 NY2d 742, 744; *Wragge v Lizza Asphalt Constr. Co.*, 17 NY2d 313, 321). Plaintiff's burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical 'to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' (*Schneider v Kings Highway Hosp. Ctr.*, supra, at 744; *see also, Gayle v City of New York*, 92 NY2d 936). When faced with a motion for summary judgment on proximate cause grounds, a plaintiff need not prove proximate cause by a preponderance of the evidence, which is plaintiff's burden at trial. Instead, in order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries.

"In premises security cases particularly, the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal at-

tack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance. * * *

"The rule expressed in *Schneider, Humphrey, Wragge* and *Gayle* fairly balances the competing interests by not automatically foreclosing the plaintiff from recovery in the many cases where the assailant cannot be identified, while still requiring a plaintiff to present evidence from which intruder status may reasonably be inferred. Thus, a plaintiff who sues a landlord for negligent failure to take minimal precautions to protect tenants from harm can satisfy the proximate cause burden at trial even where the assailant remains unidentified, if the evidence renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance."

In this case, plaintiff testified at his deposition that he never saw his assailants in the building during his two years as a tenant at 16 Elliot Place or during the two prior years when he lived in another building on the street. He further testified that he had observed the three men entering the building through the broken front door without the use of keys shortly before the assault. Applying the rationale of *Burgos* (*supra*, at 552), these statements are sufficient to raise a triable issue of fact as to whether the "assailants were intruders who entered the building through a negligently maintained door". Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.