■ LOUNDA FOREMAN, Appellant, v B&L PROPERTIES COMPANY, Respondent. [691 NYS2d 405] —Order, Supreme Court,

Bronx County (Stanley Green, J.), entered on or about March 30, 1998, which granted plaintiff's motion for reargument and renewal but adhered to an earlier order granting defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion for summary judgment denied, the complaint reinstated, and the case remanded for further proceedings.

Plaintiff was the victim of an early morning sexual assault in the elevator, just after she had entered her apartment building. Although she got a good look at her partially masked assailant, she did not recognize him, and was unable to identify him to the police.

A landlord may be liable for failing to prevent such an occurrence upon a showing of the reasonably foreseeable likelihood of a criminal intrusion into the building, and a negligent failure to provide proper security (*Miller v State of New York*, 62 NY2d 506). There was ample evidence that defendant had neglected a faulty lock on the front door to the building (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544), and that this, coupled with a high incidence of crime in and around the building, jeopardized the security of its residents (*Jacqueline S. v City of New York*, 81 NY2d 288).

Plaintiff still bears the burden, however, of demonstrating at least a triable issue of fact that the assailant was an intruder, and not a resident or guest in the building (*Rojas v Lynn*, 218 AD2d 611, *lv denied* 87 NY2d 804). This burden was met in two ways. First, plaintiff testified that there was no one in the lobby as she moved from the entrance to the elevator, and that she heard the click of the front door opening and closing after she had reached the elevator. Second, as a long-time resident, she knew most of the tenants, and did not recognize this assailant (*see, Burgos v Aqueduct Realty Corp., supra*). (Even though the lower half of his face was concealed behind a mask, she saw enough to be able to review police photo albums.) Plaintiff sufficiently raised a triable issue of fact on the question of proximate cause (*Cisse v S.F.J. Realty Corp.*, 256 AD2d 257). Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.