17-102-cv
*Estrella-Jones v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
           SUSAN L. CARNEY,
                 *Circuit Judges.*

---

BRENDA ESTRELLA-JONES,

        *Plaintiff-Appellant,*                                    17-102-cv

        v.

UNITED STATES OF AMERICA,

        *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | SCOTT N. SINGER, Danielle M. Doman (*on the brief*), Sacks & Sacks, LLP, New York, New York |
| **FOR DEFENDANT-APPELLEE:** | JAMES R. CHO, Varuni Nelson (*on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for Eastern District of New York |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 15, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

1

Plaintiff-Appellant Brenda Estrella-Jones ("Estrella-Jones") appeals from a memorandum and order ("decision") of the District Court setting forth findings of fact and conclusions of law reached after a two-day bench trial. She seeks reversal and remand to the District Court for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we briefly recount below.

Estrella-Jones suffered a knee injury after tripping in the parking lot of a Veterans Administration ("VA") hospital in Brooklyn, New York, on August 9, 2011. As she exited the hospital at around 7:30 pm, she walked on a concrete sidewalk towards the parking lot adjacent to the main entrance. As she stepped from the curb onto the parking lot, with her right foot on the ground, she tripped and fell forward. Looking back, she noticed that the pavement where she fell was eroded and worn. Estrella-Jones brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, alleging that the United States negligently failed to maintain and repair the asphalt in the area in which she fell, and that this alleged negligence proximately caused her fall and injuries. Following a bench trial, the District Court concluded that Estrella-Jones failed to meet her burden of demonstrating by a preponderance of the evidence that the United States was liable for her injury.

On appeal from a district court's decision following a bench trial, we review findings of fact for clear error and conclusions of law *de novo. See Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010). Liability under the FTCA is determined by the law of the place where the act or omission occurred; thus, it is undisputed that New York law governs in this case. 28 U.S.C. § 1346(b)(1). To establish that the United States breached its duty of care, Estrella-Jones must show by a preponderance of the evidence that a dangerous condition existed and that the United States either created or had actual or constructive knowledge of the condition but failed to correct it within a reasonable time of acquiring that knowledge. *See, e.g., Putnam v. Stout*, 38 N.Y.2d 607, 612 (1976); *Cisse v. S.F.J. Realty Corp.*, 256 A.D.2d 257, 258 (1st Dep't 1998).

Estrella-Jones contends that the District Court erroneously concluded that the defect in the parking lot's asphalt surface was trivial, and thus not a dangerous or defective condition such that the United States could be liable for her injuries. In determining whether a dangerous condition existed, courts applying New York law do not use a mechanistic test that looks solely at the minimum height or depth of a defect. Instead, they examine "the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury." *Trincere v. Cty. of Suffolk*, 90 N.Y.2d 976, 977 (1997) (internal quotation marks omitted). Upon review of the record, we conclude that the District Court properly took all of these factors into account in reaching its determination and did not clearly err in determining that the parking lot defect was trivial. In view of this disposition, we need not reach Estrella-Jones' remaining argument regarding constructive knowledge.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the December 15, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2