Ferraro v McGovern (2021 NY Slip Op 02453)





Ferraro v McGovern


2021 NY Slip Op 02453


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 156232/16 Appeal No. 13627 Case No. 2020-00657 

[*1]James L. Ferraro, Plaintiff-Appellant,
v
Kevin M. McGovern et al., Defendants-Respondents.


The Ferraro Law Firm, P.A., New York (James L. Ferraro and Matthew D. Gutierrez of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellant.
Cuomo, LLC, Mineola (Daniel R. Flynn of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 19, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion denied.
The motion court should not have granted summary judgment dismissing the complaint where defendants failed to meet their initial burden to establish their lack of negligence as a matter of law. We also find that, contrary to the motion court's determination, plaintiff's expert's findings set forth in the documents incorporated by reference into his sworn statement were sufficient to create an issue of fact for trial (see Pastabar Cafe Corp. v 343 E. 8th St. Assoc., LLC, 147 AD3d 583, 585 [1st Dept 2017]). Specifically, the motion court should have considered the photographs taken by plaintiff's expert showing that the bathtub spigot in defendants' apartment sprayed water onto the bathroom wall, and may have accumulated on the floor directly above the water-damaged area in plaintiff's apartment, which plaintiff's expert stated in his sworn statement was the result of a "plainly apparent" defect (see Cisse v S.F.J. Realty Corp., 256 AD2d 257, 258 [1st Dept 1998]). Given the lack of any other potential source of the leak in the record, or any contrary expert testimony, defendants were not entitled to summary judgment, as "[m]erely pointing to gaps in an opponent's evidence is insufficient to satisfy the movant's burden" (Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 405 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021