RCSUS Inc. v SGM Socher, Inc. (2023 NY Slip Op 01266)

RCSUS Inc. v SGM Socher, Inc.

2023 NY Slip Op 01266

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Index No. 650119/15 Appeal No. 17513 Case No. 2022-01638 

[*1]RCSUS Inc., et al., Plaintiffs-Respondents,
v
SGM Socher, Inc., Also Known as SMG Socher, Inc. et al., Defendants-Appellants, Menachem (Martin) Strauss, Defendant.

Stahl & Zelmanovitz, New York (Joseph Zelmanovitz of counsel), for appellants.
Law Offices of Jonathan M. Cooper, Cedarhurst (Jonathan M. Cooper of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered March 21, 2022, which, inter alia, denied defendants' motion for summary judgment dismissing the amended complaint, granted plaintiffs' motion for an adverse inference, granted plaintiffs summary judgment as to liability on their unfair competition claim, and severed the claim and referred it to a Special Referee to determine damages, unanimously affirmed, without costs.
The adverse inference was a provident exercise of the motion court's discretion "to provide proportionate relief to a party deprived of lost or destroyed evidence" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551 [2015]; see CPLR 3126). After this case was commenced, and despite oral instruction from counsel to maintain relevant documents, defendant Yosef Greenwald gave his assistant his iPhone, which he had used regularly for business communications. His assistant then, by sending messages of her own, overwrote his WhatsApp communications with plaintiffs' sales representative concerning matters of central relevance to this case. The communications proved to be irretrievable. Accordingly, the motion court acted properly in granting the adverse inference precluding defendants from contesting that the payments defendants made to plaintiffs' former sales representative during the periods when WhatsApp chats had been deleted, were commission payments made for diverted sales that would have gone to plaintiffs but for defendants' actions. In light of the adverse inference, the court properly granted plaintiffs summary judgment as to liability on their unfair competition claim.
We also affirm the motion court's denial of defendants' motion for summary judgment dismissing the amended complaint. Defendants merely point to gaps in plaintiffs' evidence, and thus fail to meet their burden as the movant (see e.g. Ferraro v McGovern, 193 AD3d 571, 572 [1st Dept 2021]). At a minimum, factual issues surround the question of damages, due, at least in part, to plaintiffs' difficulties of proof caused by defendants' spoliation of the WhatsApp communications or other discovery failures.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023