■ JOHN ESTEVES, Respondent, v CITY OF NEW YORK, Defendant, NEW YORK CITY HOUSING AUTHORITY, Appellant, and STONEWALL CONTRACTING CORPORATION, Respondent. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Appellant, v STONEWALL CONTRACTING CORPORATION, Third-Party Defendant-Respondent. (And Other Actions.) [844 NYS2d 33]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered December 9, 2005, which, in an action for personal injuries sustained in a shooting on defendant Housing Authority's premises allegedly caused by inadequate building security installed by defendant Stonewall, inter alia, denied the Housing Authority's cross motion for summary judgment dismissing the complaint as against it or granting it contractual indemnification against Stonewall, and granted Stonewall's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's deposition testimony raises a triable issue of fact as to whether his assailant was an intruder who had gained entry to the building through an inadequately secured entrance (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544 [1998]). Plaintiff testified that he did not recognize his assailant, who made no effort to conceal his identity, was described by plaintiff in fair detail, and told plaintiff that he was looking for drugs because he wanted to "get the night moving" with his girlfriend. Plaintiff further testified that none of the building locks were functioning, and the testimony of the Housing Authority's superintendent confirmed that there was a pervasive problem with the locking mechanisms on the doors throughout the project, including a persistent problem in plaintiff's particular building. Plaintiff further testified that he encountered the assailant in the lobby of the building, was robbed in the building after being forced by the assailant to reenter through a rear door that was supposed to be inaccessible from the outside, and was forced back through the rear door at gunpoint. That plaintiff was not actually shot until he was out-of-doors does not negate the Housing Authority's liability.

Plaintiff has no direct claim against Stonewall as the two are not in privity and Stonewall owed no duty to him (*see Einhorn v Seeley*, 136 AD2d 122 [1988], *appeal dismissed* 72 NY2d 914 [1988]).

The Housing Authority is not entitled to summary judgment on its claim against Stonewall for contractual indemnification. Stonewall agreed to indemnify the Housing Authority for damages "resulting directly or indirectly from the Work of the Contractor, or his subcontractors, in their performance of this Contract." It has not been shown that the locks on the doors were inoperable due to Stonewall's "Work," during either the performance of the contract or the subsequent two-year guarantee period; rather, what record evidence exists tends to show that the locks were inoperable due to vandalism, which was expressly excluded from Stonewall's guarantee. Even as-

suming that vandalism was not the cause, the contract expressly stated that during the guarantee period Stonewall was to respond to requests for repair by the Housing Authority within 24 hours, and to effect repairs within 48 hours. There is no record evidence that the Housing Authority requested Stonewall's services or gave notice to Stonewall that repairs were needed at the premises on or about the date of the shooting. Concur— Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ.