Clotter v New York City Hous. Auth. (2020 NY Slip Op 00554)





Clotter v New York City Hous. Auth.


2020 NY Slip Op 00554


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10909 304009/13

[*1] Gregorio Clotter, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Marder, Eskesen & Nass, New York (Joseph B. Parise of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about January 9, 2019, which granted defendant's (NYCHA) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
NYCHA failed to eliminate an issue of fact as to whether it was " more likely or more reasonable than not'" that the man who shot plaintiff in the leg in front of his apartment door was an intruder " who gained access to the premises through a negligently maintained entrance'" (Torres v New York City Hous. Auth., 93 NY2d 828, 830 [1999], quoting Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]). Plaintiff testified that a man spoke to him on the sidewalk just outside the building, asking where he could find drugs, and that, after plaintiff entered through the unlocked front entrance and walked up the stairs to his floor and along the hall 10 feet to his apartment, he saw the man again when he heard the door to the stairwell open, and the man held him up at gunpoint.
From plaintiff's familiarity with building residents, the history of ongoing criminal activity, and the assailant's failure to conceal his or her identity a jury could reasonably infer "that the assailant was more likely than not an intruder" (Laniox v City of New York, 170 AD3d 519, 520 [1st Dept 2019], affd 34 NY3d 994 [2019]). Plaintiff informed the police that he could identify the assailant if shown a photograph (see Patton v New York City Hous. Auth., 140 AD3d 659, 660 [1st Dept 2016]; Esteves v City of New York, 44 AD3d 538, 539 [1st Dept 2007]). NYCHA's evidence also showed that there was a robbery inside the building about 18 months before plaintiff's incident, requiring repairs to the front door lock, and various shootings on the grounds (see Jacqueline S. v City of New York, 81 NY2d 288, 294-295 [1993]).
Contrary to NYCHA's contention, there is enough evidence as to how the assailant gained entry to the building to require consideration of whether NYCHA had actual or constructive notice
of the nonfunctioning door lock (see Maria S. v Willow Enters., 234 AD2d 177, 178 [1st Dept 1996]). A jury could infer from plaintiff's testimony that the assailant entered the building himself and did not need to wait for anyone in the lobby to open the door for him.
Nor does its evidence demonstrate that NYCHA did not have constructive notice of the nonfunctioning door lock, since plaintiff testified that the lock was not functioning the day before and the day of the incident, but the last daily maintenance checklist produced by NYCHA, which [*2]included the front door lock, was dated two days before the incident (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK