K.O. v YMCA Buffalo Niagara (2023 NY Slip Op 06619)

K.O. v YMCA Buffalo Niagara

2023 NY Slip Op 06619

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., MONTOUR, OGDEN, AND NOWAK, JJ.

809 CA 22-01580

[*1]K.O., PLAINTIFF-APPELLANT,
v
YMCA BUFFALO NIAGARA, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

HERMAN LAW, P.A., NEW YORK CITY (STUART S. MERMELSTEIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (RYAN A. LEMA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Deborah A. Chimes, J.), entered March 28, 2022. The order granted the motion of defendant YMCA Buffalo Niagara to dismiss the complaint against it without prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant YMCA Buffalo Niagara insofar as it alleges that defendant Lockport Family YMCA was an agent of YMCA Buffalo Niagara and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) alleging that he was sexually assaulted by employees of defendant Lockport Family YMCA (YMCA Lockport) while attending a youth swimming program from 1967 to 1977. Defendant YMCA Buffalo Niagara (YMCA Buffalo) moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (1) and (7), arguing that it was a separate and distinct entity from YMCA Lockport and that it was not liable for the alleged torts of YMCA Lockport's employees during the relevant time period. In response, plaintiff argued that YMCA Buffalo failed to establish that YMCA Lockport was not its agent at the time plaintiff was injured or that YMCA Buffalo was not liable as a successor entity following its de facto merger with YMCA Lockport. Supreme Court determined that YMCA Buffalo's documentary evidence established that it did not assume the liabilities of YMCA Lockport and that the complaint failed to state a cause of action on a theory of successor liability. The court thus granted the motion and dismissed the complaint against YMCA Buffalo without prejudice. Plaintiff appeals.
Plaintiff contends that the court erred in granting that part of the motion seeking dismissal of the complaint against YMCA Buffalo pursuant to CPLR 3211 (a) (1) insofar as the complaint alleges that YMCA Buffalo is liable for the negligence of YMCA Lockport because YMCA Buffalo failed to establish via documentary evidence that YMCA Lockport was not its agent at the time of the alleged abuse. We agree, and we therefore modify the order accordingly. In support of its motion, YMCA Buffalo submitted the deeds to the property at which the alleged abuse occurred, the certificates of incorporation for both YMCA Buffalo and YMCA Lockport, and the affidavit of its President and Chief Executive Officer. The deeds and certificates of incorporation do not conclusively establish the absence of a principal-agent relationship between YMCA Buffalo and YMCA Lockport (see J.A.F. v Roman Catholic Archdiocese of N.Y., 216 AD3d 454, 454-455 [1st Dept 2023]; J.D. v Archdiocese of N.Y., 214 AD3d 561, 561 [1st Dept 2023]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Further, the affidavit "does not constitute sufficient documentary evidence for the purpose of a pre-answer CPLR 3211 (a) (1) motion" (J.D., 214 AD3d at 561).
Plaintiff further contends that the court erred in determining that the complaint failed to [*2]adequately allege that YMCA Buffalo is liable as a successor entity based on its de facto merger with YMCA Lockport. We reject that contention. Generally, "a corporation which acquires the assets of another is not liable for the torts of its predecessor" (Dutton v Young Men's Christian Assn. of Buffalo Niagara, 207 AD3d 1038, 1039 [4th Dept 2022] [internal quotation marks omitted]). A corporation may, however, be held liable for the torts of its predecessor where, as relevant here, "there was a consolidation or merger of seller and purchaser" (Schumacher v Richards Shear Co., 59 NY2d 239, 246 [1983]), including where the transaction between the seller and purchaser constitutes a de facto merger (see Simpson v Ithaca Gun Co. LLC, 50 AD3d 1475, 1476 [4th Dept 2008], lv denied 11 NY3d 709 [2008]; Sweatland v Park Corp., 181 AD2d 243, 245 [4th Dept 1992]). "Traditionally, courts have considered several factors in determining whether a de facto merger has occurred: (1) continuity of ownership; (2) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (4) a continuity of management, personnel, physical location, assets, and general business operation" (Sweatland, 181 AD2d at 245-246).
Here, even "accept[ing] the facts as alleged in the complaint as true [and] accord[ing] plaintiff[ ] the benefit of every possible favorable inference" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the complaint does not allege the existence of a de facto merger between the entities. Not only does the complaint "fail[ ] to allege a majority of the hallmarks of a de facto merger," it fails to allege any of the hallmarks of a de facto merger (Zinbarg v Professional Bus. Coll.,
Inc., 179 AD3d 607, 607 [1st Dept 2020]; cf. Dutton, 207 AD3d at 1045).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court